ARMSTRONG, CATOR & CO. v. E. M. ASBURY & CO. ET ALS.

(Filed 24 November, 1915.)

**Judgments—Default and Inquiry—Corporations—Debts—Agreement of Shareholders—Individual Liability.**

> A judgment by default and inquiry for the want of an answer establishes the cause of action and leaves the question of amount of damages open to the inquiry; and where an action is brought against a shareholder in a corporation for the payment of his ratable share due upon a corporate debt, which he, with the other shareholders, promised to pay in consideration of the creditors permitting the corporate merchandise to be sold in bulk, and the complaint alleges these facts, and a judgment by default is taken for the want of an answer, it is not open to the defendant to show that he had not participated in the meeting of the stockholders when the agreement was voted upon, and that he was not bound thereby.

APPEAL by defendant A. S. McRae from *Devin, J.,* at April Term, 1915, of STANLY.

Action brought against the defendants E. M. Asbury & Co., C. J. Mauney, C. W. Andrews, F. V. Watkins and A. S. McRae for the re-

covery of $310.30, with interest from 1 October, 1909. The plaintiffs, among other things, allege in their complaint that the defendant E. M. Asbury & Co. is a corporation, and that C. J. Mauney, E. M. Asbury, F. V. Watkins, C. W. Andrews and A. S. McRae are its stockholders; that about 13 March, 1909, and at various times thereafter during the year 1909, at the request of the defendant E. M. Asbury & Co., the plaintiffs sold and delivered goods and merchandise to the defendant company to the value of $628, and that when said bill for goods thus sold to the defendant E. M. Asbury & Co. was due the said E. M. Asbury & Co. was possessed of a large stock of merchandise on which there was no encumbrance, and that the plaintiffs could have collected this account in full at that time by suit and execution, but for the reason that on 25 October, 1909, E. M. Asbury, one of the stockholders of E. M. Asbury & Co., while acting as manager, secretary and treasurer of the defendant company, wrote a letter to the plaintiffs in which he told plaintiffs, among other things, that the stockholders had had a meeting at which it was decided to sell the entire stock of goods of E. M. Asbury & Co. in bulk and pay the proceeds of the sale on the company's debts, and that at said stockholders' meeting it was agreed among the stockholders that if the money arising from the sale of the merchandise was not sufficient to pay all the debts of the company in full, then each stockholder should and would pay such an amount in proportion to the stock he held as might be sufficient to pay off all the indebtedness of said E. M. Asbury & Co., and especially the indebtedness due plaintiffs; that such a meeting of the stockholders was held and that such an agreement was made by the stockholders, and that such a letter was written by E. M. Asbury to the plaintiffs under the advice and instructions of the stockholders, and that the said E. M. Asbury was acting within the scope of his authority as agent of the defendant stockholders individually when he wrote said letter.

The plaintiffs filed their complaint, duly verified, on 29 September, 1913.

The defendant McRae never filed any answer to the plaintiffs' complaint. At March Term, 1915, his Honor, W. A. Devin, entered judgment by default and inquiry against the defendant A. S. McRae. At May Term, 1915, the inquiry was instituted before his Honor, W. A. Devin, judge presiding, and at said term judgment was rendered by Judge Devin against the defendant McRae only, for and in the sum of $79.60, with interest from 1 October, 1909, his proportionate part of the amount due.

During the progress of the inquiry and trial at May Term, 1915, one E. M. Asbury was sworn and examined as a witness. Upon cross-examination of this witness by counsel for the defendant McRae, the

defendant McRae's counsel handed witness a paper-writing, marked Exhibit "A," which was admitted by both the plaintiffs and the defendant McRae as being a correct copy of the minutes of the meeting of the stockholders of E. M. Asbury & Co. referred to in the pleadings, and requested the witness to read the same, to which plaintiffs objected. This exhibit was offered for the purpose of showing that the defendant McRae was not present at the meeting of the stockholders and did not authorize Asbury to write the letter set out in the complaint, and did not agree to be in any way responsible for said account, and that the stock of the said defendant McRae was not represented in said meeting. The objection of the plaintiffs was sustained and the defendant McRae excepted.

There are other exceptions taken by the defendant, but all present the same question as the one above stated. There was a verdict and judgment in favor of the plaintiff, and the defendant McRae appealed.

*G. D. B. Reynolds and A. C. Honeycutt for plaintiff.*
*J. R. Price for defendant.*

ALLEN, J. The defendant corporation, E. M. Asbury & Co., bought goods from the plaintiff and was the original debtor, and there was then no personal liability on the defendant McRae, a stockholder of the corporation. The only claim of the plaintiff against McRae is that he and the other stockholders, in order to obtain indulgence from the plaintiff for the corporation, entered into an agreement by which they agreed to sell the corporate property and apply the proceeds to the debts, and to pay ratably any part of the debts remaining unpaid.

In other words, the cause of action alleged against the defendant McRae is his liability upon the agreement between the stockholders, and his complaint is that he was not permitted to prove that he was not a party to the agreement. This he could not do, because he is precluded by the judgment by default and inquiry, which establishes the cause of action, that is, that he was a party to the agreement, and only leaves open the amount of the recovery. *Banks v. Mfg. Co.,* 108 N. C., 282; *Blow v. Joyner,* 156 N. C., 142; *Graves v. Cameron,* 161 N. C., 549.

The concluding sentence of the authority relied on by the defendant (*Allen v. McPherson,* 168 N. C., 436) is that "it (a judgment by default and inquiry) establishes merely that the plaintiff has a cause of action," and this brings it in harmony with the other cases.

No error.