### THE BOARD OF COMMISSIONERS OF BUNCOMBE COUNTY v. WALTER SCALES ET AL.

(Filed 24 May, 1916.)

**1. Appeal and Error—Service of Case—One Exception—Motion to Dismiss.**

Service of appellant's case on appeal is unnecessary when there is only one exception taken and the judgment itself is excepted to; and a motion in the Supreme Court to dismiss for the lack thereof will be denied.

**2. Courts—Jurisdiction—Special Appearance—Waiver.**

A defect of the jurisdiction of the court as to the person may be waived by his motion asking for relief upon the merits of the case, the practice being for the movant to specially appear and move to dismiss for the lack of the court's jurisdiction, and, if this is denied, except, and then plead to the merits or demur in the trial court.

**3. Same—Permission to Plead—Merits.**

Where a defendant against whom a judgment has been obtained moves the court to set it aside for want of service upon him, and further states in his motion that it is upon the ground "of irregularities and illegalities," and obtains leave to file an answer to the merits of the cause, he will be deemed to have waived objection to the alleged defect in the jurisdiction of the court.

**4. Judicial Sales — Tax Liens — Foreclosure — Deed Vacated — Pleadings — Judgments.**

Where a sale of lands has been ordered by the court, at the suit of the county, to satisfy a lien thereon for taxes, which has been made and the lands conveyed to the purchaser, and thereafter, on motion of the owner, the sale and the deed have been set aside, but not the order of sale, with leave given the movant to file an answer, it is error for the court at a subsequent term to effectuate the deed because the answer had not been filed in the time prescribed, for the answer would have been unavailing at the time in the face of the order for the sale of the property.

**5. Appeal and Error—Judgments—Judicial Sales—Tax Liens—Courts—Innocent Purchaser.**

Where a sale of land has been made and a deed executed to the purchaser, at the suit of the county to enforce its lien for taxes thereon, and the deed and the sale subsequently set aside, on motion of the owner of the lands, it is error for the court, at a still subsequent term, to reinstate the deed and declare it valid on the ground that the purchaser was an innocent one for value, the proper procedure in such matters being an appeal to the Supreme Court from the order invalidating the deed.

**6. Judgments Vacated—Motions—Notice—Procedure.**

Where under a judgment of court lands have been sold to enforce a lien thereon for taxes, and conveyance thereof made to the purchaser upon motion of the owner of the lands, an order vacating the sale and setting aside his deed without notice to such purchaser is void as to him, and he should properly be notified and the matter thereafter regularly proceeded with under the motion theretofore made.

CIVIL ACTION heard by *Long, J.,* on a motion to set aside a judgment at November Term, 1915, of BUNCOMBE.

The action was brought by the plaintiff to foreclose a tax lien. Upon the complaint filed and verified the court entered a judgment at February Term, 1912, in favor of plaintiff, as follows:

"That the plaintiff recover of the defendants J. J. Bailey Estate, Walter Scales, Mary Scales, heirs of Pink Lattimore, deceased (names unknown), Charles Bailey, heirs of James Bailey, deceased (names unknown), being the heirs of James Bailey and Rebecca Bailey, his wife (also deceased), the sum of $........, together with the costs of this action and interest at 20 per cent per annum upon said sum of $........, and that said principal, interest, and cost are hereby declared a first lien upon the property described in the complaint, as provided by law for the nonpayment of taxes under the laws of this State."

The court then, in the judgment, ordered a sale of the property and appointed a commissioner for that purpose, who was directed to sell the land and to execute a deed to the purchaser. On 20 June, 1912, James J. Bailey moved the court to set aside the judgment entered at February Term, 1912, and to dismiss the action for want of proper service, and proposed to enter a special appearance for the purpose. The motion was based on an affidavit setting forth the fact that he had not been served with process; that he had paid all his taxes, and that the land was insufficiently described in the tax proceedings. The commissioner made the sale and reported the same to July Term, 1912, C. D. Justice being the purchaser, and the sale was confirmed by the court at the same term, and a deed was made to the purchaser.

Affidavits were filed by the respective parties, and at November Term, 1912, on motion of James J. Bailey, based upon affidavits filed by him,

the court, Judge Foushee presiding, set aside the sale of the lands and the deed of the commissioner to C. D. Justice, the purchaser, and directed that notice be issued to C. D. Justice so that he may be made a party to the action, and that James J. Bailey be allowed forty days to answer. In the judgment the court found as facts that James J. Bailey was 53 years old and had resided in Buncombe County all his life, and that no summons in this action was ever formally served upon him, nor had any written notice been given to him or any of his tenants of the sale of the land for taxes. It was further stated in the judgment that James J. Bailey, through his attorney, had come into court and made himself a party to the action.

At November Term, 1913, the plaintiff moved that the judgment rendered at November Term, 1912, be set aside, upon the ground that James J. Bailey had not filed his answer within the forty days allowed him for the purpose, and C. D. Justice moved for the same relief upon the same ground, and for the additional reason that the sale and deed to him had been set aside without any notice to him. Both parties asked for a reinstatement of the sale and deed.

At Fall Term, 1915, the court referred the case to J. B. Cain to find the facts, and he reported certain findings to the same term, whereupon the court set aside the judgment rendered by Judge Foushee at November Term, 1912, because James J. Bailey had not filed his answer, and that notice had not issued to C. D. Justice and he was never made a party to the suit, and, lastly, that C. D. Justice was an innocent purchaser of the lands at the sale ordered by the court to be made. It was further ordered that the judgment of February Term, 1912, and the judgment confirming the sale entered at July Term, 1912, be reinstated, together with the deed of the commissioner to C. D. Justice, and that James J. Bailey be taxed with the costs.

The defendant James J. Bailey excepted and appealed.

*J. Frazier Glenn and A. Hall Johnston for plaintiff.*
*J. Scroop Styles and Mark W. Brown for defendants.*

WALKER, J., after stating the case: There was a motion to dismiss the appeal, as no case on appeal had been served by the appellant, but we do not think a case was required, as there is only one exception to the judgment, and that was taken at the trial. There are assignments of error, but they all turn upon the one question, whether the last judgment was a proper one. No case was necessary to present this question, as it is done by the exception, and, even without it, by the appeal from the judgment. *Brooks v. Austin,* 94 N. C., 222; *Wilson v. Lumber Co.,* 131 N. C., 163; and especially *Clark v. Peebles,* 120 N. C., 31, and cases collected in Pell's Revisal, vol. 1, sec. 591, at bottom of p. 317 and top

of page 318, and Clark's Code (3 Ed.), sec. 550, p. 770. It appears that James J. Bailey has become a party to the action on his own motion and has also asked for relief upon the merits by his motions. He has therefore waived any defect of jurisdiction as to his person. *Scott v. Life Assn.*, 137 N. C., 516; *Dell School v. Peirce*, 163 N. C., 424; *S. v. White*, 164 N. C., 408. Instead of making and relying upon a motion to dismiss, he first asks the court, in his motion, to set aside the judgment, and then that he be allowed to appear specially and move to dismiss, "because of improper service *and* irregularities and illegalities." He has, also, at his own request, been allowed by Judge Foushee to plead, and this Judge Long found as a fact. We are of the opinion that he has waived his motion to dismiss for want of proper service of the summons, even if he made it under a special appearance, which may be doubted, as he has become a party to the action. *Hassell v. Steamboat Co.*, 168 N. C., 296. But he may rely upon his motion to set aside the order of sale, the confirmation thereof, and the deed of the commissioner upon any ground not involving the court's jurisdiction of his person, as this right was not, in our opinion, taken from him by the last judgment which was entered at Fall term and signed by Judge Long. By that judgment the one rendered by Judge Foushee was set aside, and the sale, order of confirmation, and deed reinstated.

Three reasons were assigned by the court for rendering this judgment: (1) that James J. Bailey had failed to answer; (2) that C. D. Justice was an innocent purchaser. These two reasons were invalid, because Bailey could not answer at that stage of the proceeding, as the order of sale had not been set aside by Judge Foushee, but only the sale and the deed, and an answer to the complaint would have been of no avail after the court had granted the relief prayed for in it by ordering a sale. As to the second reason, the court had no power to set aside the judgment, even if it thought that C. D. Justice was in law an innocent purchaser, because, if Judge Foushee had erred in holding that he was not, and then setting aside the judgment, this was mere error in law, which could be corrected only by an appeal from that judgment. The remedy for correcting an erroneous judgment is not by setting it aside, but by having it reviewed upon an appeal from it. But the third reason assigned for the present judgment, and for vacating the judgment of Judge Foushee, is sound, and justified the action of the court. C. D. Justice was not a party to this action and had no notice of the motion to set aside the judgment rendered by Judge Foushee. It was, therefore, void as to him, and the court did the proper thing in setting it aside. *Johnson v. Whilden, ante,* 153. But this did not dispose of James J. Bailey's prior motion to set aside the order of sale, and that motion has not been distinctly considered and passed upon. He alleges several irregularities, and is entitled to be heard in regard to them. Among them

is that the judgment of the court under which the commissioner sold the land was irregular on its face, as it did not specify the amount due, and the owners of the land could not redeem it from the sale, as they did not know what to pay and no reasonable time was allowed for paying the amount adjudged to be due, which they say is usual and according to the course and practice of the court in such cases. He also alleges that no notice of the intention to bring the suit under the statute was given, and that the sale was confirmed at a term of the court when the motion to set aside the order of sale was pending. This Court may find hereafter that there were irregularities which vitiated the judgment of February Term, 1912, under which the land was sold, and that they are such as will invalidate the title acquired by the purchaser, if he had notice of them, either express or implied; but before we can determine, as matter of law, whether there were any irregularities, and, if so, whether they will affect the title of the purchaser, we must know the facts, and will not, at this stage of the case, express any opinion upon the merits. We merely sustain the order of Judge Long setting aside the order of Judge Foushee for the reason only that C. D. Justice had no notice of the motion before Judge Foushee to vacate the former judgment under which he bought the land, with this modification, that James J. Bailey may now be heard upon his motion to set aside the order of sale, and the sale and deed made thereunder, upon due notice to C. D. Justice, and the last order or judgment is allowed to stand, but subject to James J. Bailey's right to proceed in the cause as indicated. The practice where a motion is made to dismiss for defective service of process is well settled. When such a motion is refused, an appeal does not then lie, but the defendant should note his exception and then answer or demur; but he can't move to dismiss and answer at the same time, for answering or demurring is equivalent to a general appearance. The motion to dismiss should first be passed upon and an exception reserved if the ruling is adverse to him, and this should be done before answering. Clark's Code (3 Ed.), p. 738, sec. 548, and numerous cases there cited. We cannot determine whether C. D. Justice is an innocent purchaser, nor can we decide the other question until all the facts are before us and there have been specific rulings upon them.

The cause is remanded, with directions to proceed further therein as above directed, and to this extent the judgment is modified. The costs will be paid equally by the plaintiff county of Buncombe and the defendant James J. Bailey, as we have sustained the judgment so far as C. D. Justice is now concerned. Notices will be issued, and parties brought in, if necessary, and such further proceedings had as will determine the case finally upon its legal merits.

Modified.