NORTH CAROLINA BESSEMER COMPANY v. PIEDMONT HARDWARE
COMPANY ET AL.

(Filed 24 May, 1916.)

1. Appeal and Error—Order at Chambers—Objections and Exceptions.

An appeal from the order of a judge rendered in a pending action at chambers, and the sole ground of the appeal, does not require the service of a case on appeal by the appellant, and a motion to dismiss in the Supreme Court for that reason will be denied.

2. Same—"Skeleton Case"—Order to Copy Record—Case Complete.

Where an appeal is taken from an order made in a pending action by the judge at chambers, he has the right to direct the clerk what to copy from his record in the transcript on appeal; and when this has been done, and the record appears to be in full, the appellant's case will not be dismissed on the ground that a "skeleton case" on appeal has been served.

**3. Receivers—Sales—Insolvent Corporations—Issues of Fact—Trial by Jury —Adjudication at Chambers—Appeal and Error.**

Where receivers for an insolvent corporation have been appointed and the corporate property ordered to be sold by them and a party enters an interplea claiming prior lien upon certain of its standing timber, upon which issue has been joined, the question presented is for the determination of the jury, unless such trial has been duly waived; and it is reversible error for the judge, at chambers, to adjudicate the fact of lien and the amount; but the order for the receivers to sell will stand, it being their duty to do so to the best advantage, and retain the proceeds subject to the further orders of the court.

CIVIL ACTION pending in the Superior Court of McDOWELL County, heard at chambers at Marion, 3 February, 1916, by *Justice, J.* From the order made the petitioners William Morrison and N. B. Mills and the defendant the Piedmont Hardware Company appealed.

*W. D. Turner and Dorman Thompson for appellants.*

*Hudgins & Watson, Guthrie & Guthrie, Pless & Winborne for appellees.*

BROWN, J. The appellees move to dismiss the appeal upon the ground that only a "skeleton case on appeal" was served, and rely upon the ruling of this Court in *Sloan v. Assurance Soc.,* 169 N. C., 257. In that case the appellee objected to the case on appeal as not being in the form required by law. Revisal, 591. The case as served was sent to this Court. Without such objection, not even by consent, would this Court act upon such a statement of a case as is shown in the record of the *Sloan case.* That case was tried by jury, and nothing was sent up to us except a skeleton with blanks that had never been filled in. This case presents an appeal from an order of the judge at chambers. That alone is the basis of the appeal, and it is set out in full. No case on appeal was necessary. *Comrs. v. Scales, ante,* 523. That with the pleadings and orders theretofore made constitute the entire record. In stating the case the judge had the right to direct the clerk what orders to copy in the transcript for this Court. They have been copied and are before us. We find the record to be complete in every particular. The motion is denied.

It appears from the record that the plaintiff, the Bessemer Company, brought this action to recover an amount alleged to be due said Bessemer Company, and also asking for the appointment of a receiver for said Piedmont Hardwood Company. The motion for a receiver was heard on 12 July, 1915, by *Harding, J.,* at Marion, and after hearing said motion his Honor appointed W. E. Webb and W. K. M. Gilkey receivers. This order provided that service should be made on stockholders, creditors, dealers and others in the manner and way provided

by statute. At September Term, 1915, of the Superior Court of Mc-Dowell County order was made that all parties holding claims against the Piedmont Hardwood.Company should make proof of such claims to the receivers on or before 1 January, 1916, and that the receivers should give notice of this order.

Thereafter a controversy having arisen as to the right of the receivers to sell the uncut timber standing on the lands of the North Carolina Bessemer Company, and the receiver, Gilkey, having refused either to sell said timber or to ask the court for instructions, certain creditors of the Hardwood Company moved before *Judge Adams* for an order to Gilkey to show cause why he should not sell the timber.

In his order of 19 January, 1916, *Judge Adams* recites that Morrison and Mills are creditors of the Hardwood Company for the purpose of that motion, and directed that the receivers show cause before *Justice, J.,* at Marion why they shall not carry out the orders heretofore made relative to the sale of standing timber. This motion was heard before *Judge Justice* on 3 February.

At this hearing Receiver Gilkey answered and the Bessemer Company, plaintiff, made response.

M. L. Good, who had heretofore made himself a party plaintiff in the suit, filed an interplea, claiming a lien on the manufactured lumber in the possession of the receivers. To this interplea the Hardwood Company replied, denying the material allegations upon which the claim of lien is based. Upon this hearing the judge made a decree to which appellants excepted. The parts of the decree to which appellants except are as follows:

1. That the Piedmont Hardwood Company is indebted to the plaintiff, the Bessemer Company, in the sum of $11,216 and interest, being balance due for purchase price on standing timber, and that said plaintiff has a vendor's lien on the timber for said sum.

2. The court adjudged that the Hardwood Company was largely indebted to interpleader Good and that he has a first lien on the manufactured lumber in hands of the receivers, and directed that receivers pay to him on account the sum of $5,000.

We are of opinion that the exceptions are well taken. At this stage of the case the judge erred in adjudicating the debts claimed by the Bessemer Company and by Good, and in directing the payment of $5,000 to the latter. The allegations of the Bessemer Company and of interpleader Good were denied. Upon the issues raised, a jury trial must be had, unless specifically waived. The judge at chambers had no power to make final adjudication upon such issues. The order is set aside except so much as requires the receivers to sell the standing timber.

It is their duty to do so to best advantage and to hold the proceeds subject to the further order of the Superior Court.

The costs of this Court are adjudged against the Bessemer Company and M. L. Good.

Error.