W. C. REDDING ET UX. v. CHARLES F. DUNN.
CHARLES F. DUNN v. WILL LYNCH AND LULA LYNCH.

(Filed 18 April, 1923.)

**Appeal and Error—Rules of Court—Dismissal—Motions—Reinstatement.**

A motion to reinstate a case on appeal that has been dismissed on appellee's motion, for nonconformity with the rules of Court requiring the record to be indexed, and to show the appellant's exceptions under proper assignments of error, etc., in accordance with the manner specified, will be denied, when the granting of the motion would not cure the fatal defects upon which the appellee's motion had been granted.

MOTIONS to reinstate appeals heretofore dismissed at the present term.

*Chas. F. Dunn, in propria persona, for movant.*
*No counsel contra.*

STACY, J.   The appeals in these cases were dismissed at the present term for noncompliance with the rules governing appeals to this Court, as was also the appeal in *Bunn and Anderson v. Dunn, ante,* 108.   The appellant concedes his failure to comply with the rules, but now states that he has three or four thousand dollars invested in other tax certificates, similar to those under consideration here, and that a decision on the merits in these cases would be quite beneficial to him in determining the validity of his remaining tax certificates and tax deeds.   He also alleged that the irregularities, which brought about a dismissal of his appeals, were not due entirely to his neglect and that they were not discovered by him in time to have the same corrected before the cases were called for argument in this Court.   He therefore files a motion in each case to reinstate the appeal.   The objections urged by the appellees, when the cases were before us, would not be cured by a reinstatement of the appeals and hence the motions must be denied.

Movant further says in explanation of his failure to group his assignments of error and to discuss the exceptions in his brief, as pointed out in the opinion dismissing the appeals, that he was advertent to this rule, but was under the impression that such was not necessary where only one question was involved on the appeal.   In regard to this, he says: "I cannot just here name the volume I saw this in, but it is somewhere in the volumes which I have read from 140 to 183 inclusive."   Appellant doubtless has in mind the cases of *Bessemer Co. v. Hardware Co.,* 171 N. C., 728; *Greensboro v. McAdoo,* 112 N. C., 359; *Wallace v. Salisbury,* 147 N. C., 58, and others to like effect, holding that no assignment of error is necessary where there is but a single exception and this is presented by the record, nor where the case is heard below on an agreed

statement of facts, nor when the exception to the judgment is the only one taken and the appeal itself is an exception thereto.  C. S., 643, and cases cited thereunder.  And if this were the only irregularity appearing on the record, appellees' motions to dismiss would have been denied in the first instance.  But the fatal defect was in bundling all three cases together and printing them, with the briefs included, in one pamphlet, or record, and this without any proper index or guide to assist us in locating the exceptions, orders, judgments, etc.  Moreover, we observe, from the briefs filed, that the "one question" mentioned by appellant is not directed or confined to the validity of the judgment or order in each case.

The rules of practice, as revised and adopted at the Fall Term, 1917, will be found in the 174th volume of our Reports, beginning on page 827.  Rule No. 34, as subsequently amended, will be found in 182 N. C., 922.

Motions denied.