LOTTIE A. PRIVETTE v. MOSES B. ALLEN.

(Filed 26 February, 1947.)

**1. Appeal and Error §§ 10a, 31b—**

Upon exception and appeal from judgment denying a motion upon facts found and incorporated in the judgment, the record constitutes the case on appeal, and appellant is not required to serve a statement of case on appeal, and motion to dismiss for his failure to do so will be denied. G. S., 1-282.

**2. Ejectment § 14—**

Neither formal order fixing the amount of the defense bond required of defendant in actions for the recovery of real property, nor notice to plaintiff, is required. G. S., 1-111.

**3. Same—**

Where, in an action in ejectment, defendant, after consultation with the clerk, tenders justified bond in the minimum amount required by the statute, G. S., 1-111, and the clerk accepts the bond and makes notation thereof on the records, there is a substantial compliance with the statute and plaintiff's motion to strike the answer is properly denied, plaintiff's remedy if he deems the bond insufficient being by motion in the cause.

APPEAL by plaintiff from *Stevens, J.,* at September Term, 1946, of NASH. Affirmed.

Action in common law ejectment and for damages for the wrongful detention of real property, heard on motion.

In her complaint the plaintiff alleges (1) the ownership by her and the wrongful detention by defendant of a certain tract of land in Nash County, and (2) damages for the wrongful detention thereof in the sum of $2,000. She prays judgment accordingly.

In apt time the defendant filed a defense bond, duly justified, in the sum of $200, together with an answer in which he alleges that plaintiff holds title to said land in trust for him and that he is the beneficial owner thereof. Thereafter plaintiff filed a motion to strike the answer for that the bond filed is not in accordance with the provisions of G. S., 1-111, in that it was not in an amount fixed by the clerk, for judgment by default, and for the appointment of a receiver.

When the motion came on to be heard the judge below found the facts and upon the facts found concluded that the "bond filed on June 24, 1946, by the defendant was fixed by the Clerk of the Superior Court of Nash County and filed according to law." It thereupon denied the motion of plaintiff but, in its discretion, required defendant to execute a bond in the sum of $1,200. Plaintiff excepted and appealed.

*L. L. Davenport and Hobart Brantley for plaintiff, appellant.*

*O. B. Moss for defendant, appellee.*

BARNHILL, J. The defendant moves to dismiss the appeal for that the plaintiff failed to serve a statement of case on appeal as required by G. S., 1-282. The motion is denied.

The motion to strike was heard by the judge. He found the facts which are incorporated in his judgment. The correctness of this judgment is the only question posed for decision, and that is presented by the exception noted. Hence no service or settlement of a case on appeal was required. The record constitutes the case to be filed in this Court. *Commissioners v. Scales,* 171 N. C., 523, 88 S. E., 868; *Bessemer Co. v. Hardware Co.,* 171 N. C., 728, 88 S. E., 867; *Winchester v. Brotherhood of R. R. Trainmen,* 203 N. C., 735, 167 S. E., 49; *Duckworth v. Duckworth,* 144 N. C., 620; *Clark v. Peebles,* 120 N. C., 31; *R. R. v. Stewart,* 132 N. C., 248.

A formal order fixing the amount of the defense bond to be filed by a defendant in an action to recover real property is not required. G. S., 1-111. Nor is notice to the plaintiff a condition precedent.

The judge found as a fact:

"That the attorney for the defendant consulted the said Clerk about filing a bond in this case before answer was filed; that at that time the said Clerk read Statute, G. S. 1-111, which Statute refers to bonds in cases of that kind; that said Clerk advised said attorney for the defendant that he would have to give a minimum bond of $200; that if the plaintiff or her counsel objected or made motion to increase the bond, said Clerk would have to hear the matter as to the rental value of the land, and that defendant's attorney would have to execute additional bond in accordance with the findings of the said Clerk, and that they would proceed temporarily on this basis until the motion was made . . ."

Thereupon a justified bond in the sum of $200, together with answer, was tendered to and accepted by the clerk, and notation thereof was duly made on the records in the clerk's office. This constitutes a substantial compliance with the statute. If plaintiff deemed the bond insufficient her remedy was by motion in the cause. *Jones v. Jones,* 187 N. C., 589, 122 S. E., 370.

The court below entered an order adjudging the bond filed insufficient in amount and requiring defendant to file another bond in the sum of $1,200 "to protect rents and profits and in lieu of the appointment of a receiver." This bond, conditioned as required by statute, was promptly furnished. This is all plaintiff has any right to demand. *Taylor v. Pope,* 106 N. C., 267; *Dunn v. Marks,* 141 N. C., 232. Hence her exceptive assignment of error is without merit.

*Battle v. Mercer,* 187 N. C., 437, 122 S. E., 4, cited and relied on by plaintiff, is factually distinguishable.

The judgment below is

Affirmed.