## MARGARET NANCE REECE v. DAVIS J. REECE.

(Filed 14 December, 1949.)

**1. Abatement and Revival § 6—**

The pendency of a prior action between the parties is not jurisdictional but is only ground for abatement, and if the objection is not properly raised, the court in the second action has jurisdiction to proceed to judgment.

**2. Same—**

The pendency of a prior action between the parties may be taken advantage of by demurrer if the pendency of the prior action appear on the face of the complaint, and by answer if it does not so appear.

**3. Same: Pleadings § 17c—**

A motion to dismiss on the ground of the pendency of a prior action between the parties cannot be treated as a demurrer when this fact does not appear upon the face of the complaint, since in such instance a demurrer would be bad as a speaking demurrer. G.S. 1-127 (3).

**4. Abatement and Revival § 6—**

Where plaintiff admits the pendency of a prior action between the parties, the court may take notice thereof *ex mero motu* even though the matter is not raised by proper procedure.

**5. Abatement and Revival § 9: Divorce § 17—**

Jurisdiction over the custody of the children born of the marriage rests exclusively in the court before whom the divorce action is pending, G.S. 50-13, and no order for the custody of the children may be entered in a later action by one of the parties for subsistence without divorce.

**6. Abatement and Revival § 9—**

In order for the pendency of a prior action to be grounds for abating a subsequent action between the parties it must appear that the rights asserted in the second action may be litigated in the first.

**7. Same: Divorce § 14—**

The right to alimony without divorce is statutory and must be asserted by independent action as provided by the statute, G.S. 50-16, and therefore the prior institution of an action by the husband for absolute divorce does not abate the wife's subsequent action for alimony without divorce, or deprive the court of power to award her alimony and counsel fees *pendente lite* therein, since her claim is not litigable in his suit.

**8. Appeal and Error § 10a—**

Upon appeal from the denial of a motion relating solely to the pleadings, the record proper constitutes the case to be filed in the Supreme Court, and no service or settlement of case on appeal is required.

APPEAL by plaintiff from *Burney, J.,* in Chambers, 1 October 1949, NEW HANOVER. Reversed.

12—231

Civil action for subsistence without divorce in which plaintiff prays the custody of the child born of the marriage.

This action was instituted in New Hanover County 14 September 1949. Plaintiff served notice of a motion for "an Order awarding to the Plaintiff reasonable subsistence and counsel fees *pendente lite* and for the immediate temporary custody of Davis Nance Reece, the Child of the marriage . . ." Grady, J., set the motion for hearing before Burney, J., 24 September 1949. Defendant entered a special appearance and moved to dismiss for that (1) there is another action between the same parties for an absolute divorce and for the custody of the child of the marriage pending in Davidson County, which action was instituted 6 September 1949, and (2) the Superior Court of Davidson County having acquired jurisdiction of the parties and the subject matter of the action prior to the institution of this suit, the Superior Court of New Hanover County is without jurisdiction herein.

The motion and countermotion (having been continued from 24 September) came on for hearing 1 October 1949 before Burney, J., at which time the court, being of opinion that the Superior Court of Davidson County has sole jurisdiction of the matters in controversy in this cause, entered its order dismissing the action. The plaintiff excepted and appealed.

*Walton Peter Burkhimer for plaintiff appellant.*
*Allen & Henderson and Aaron Goldberg for defendant appellee.*

BARNHILL, J. The defendant's motion challenges the jurisdiction of the court and is without merit as to plaintiff's primary cause of action. The plea of former action pending is not jurisdictional, though sometimes referred to as such. It is a plea in abatement provided to avoid the splitting of actions and the piecemeal trial of controversies, prevent a multiplicity of suits between the same parties concerning the same subject matter, and eliminate the possibility of conflicting verdicts and judgments based on substantially the same evidence. The court has jurisdiction of the parties and subject of the action. If the plea is not interposed in proper manner, the court may proceed to judgment and the judgment, once entered, is binding upon the parties. *Raleigh v. Hatcher,* 220 N.C. 613, 18 S.E. 2d 207; *Long v. Jarratt,* 94 N.C. 443.

The motion may not be treated as a demurrer to the complaint, for a demurrer is proper only when it appears on the face of the complaint that "(3) There is another action pending between the same parties for the same cause . . ." G.S. 1-127. A speaking demurrer is not permitted. To render the complaint demurrable, that another action is pending must appear on the face of the complaint. Otherwise the plea must be taken

advantage of by answer. *Alexander v. Norwood,* 118 N.C. 381; *Reed v. Mortgage Co.,* 207 N.C. 27, 175 S.E. 834; *Lumber Co. v. Wilson,* 222 N.C. 87, 21 S.E. 2d 893; *Moore v. Moore,* 224 N.C. 552, 31 S.E. 2d 690.

Even so, plaintiff admitted the pendency of the divorce action. The court was thereby advised of the possible conflict of jurisdiction, and might take notice thereof *ex mero motu. Long v. Jarratt, supra; Allen v. Salley,* 179 N.C. 147, 101 S.E. 545. We may, therefore, waive the procedural defects in defendant's position and come to the merits of the controversy.

The court below is without jurisdiction to hear and determine the custody of the child. When a divorce action is pending, jurisdiction over the custody of the children born of the marriage rests exclusively in the court before whom the divorce action is pending. G.S. 50-13; *Winfield v. Winfield,* 228 N.C. 256, 45 S.E. 2d 259; *Robbins v. Robbins,* 229 N.C. 430; *Phipps v. Vannoy,* 229 N.C. 629. The plaintiff here must press her claim to the custody of her child in the divorce action pending in Davidson County or not at all. It is not a controversy determinable in this action.

The rule denies a party the right to maintain an action when there is a prior action pending between the same parties concerning the same subject matter. But "the same subject matter" as here used does not include a separate and distinct cause of action not arising out of the matters and things alleged in the complaint in the first action. It embraces only matters which may properly be pleaded in the first action by way of affirmative defense, counterclaim, or setoff, and it must appear that the rights asserted in the second action may be litigated in the first.

Here, primarily, the plaintiff seeks alimony without divorce under G.S. 50-16. Thus she asserts a right created by statute and must proceed by independent action as therein provided. *Skittletharpe v. Skittletharpe,* 130 N.C. 72; *Dawson v. Dawson,* 211 N.C. 453, 190 S.E. 749. Her claim thereto is not pleadable as a cross action in a suit for divorce instituted by the husband. *Shore v. Shore,* 220 N.C. 802, 18 S.E. 2d 353; *Silver v. Silver,* 220 N.C. 191, 16 S.E. 2d 834; *Ericson v. Ericson,* 226 N.C. 474, 38 S.E. 2d 517.

As her cause of action is not litigable in the divorce action, the latter does not constitute a former action pending within the meaning of the rule. She may pursue her remedy in the court below.

Likewise, she is entitled to seek alimony and counsel fees *pendente lite* to enable her to prosecute her action. It is so stipulated in the statute which creates her cause of action. G.S. 50-16.

The defendant's motion to dismiss the appeal is without merit. No service or settlement of a case on appeal was required. As the cause was heard on the motion and the pleadings, the record proper constitutes the

case to be filed in this Court. *Privette v. Allen,* 227 N.C. 164, 41 S.E. 2d 364; *Russos v. Bailey,* 228 N.C. 783, 47 S.E. 2d 22. The judge so ordered at the time appeal was noted.

For the reasons stated the judgment below is

Reversed.