OSSIE BISHOP, TRADING AND DOING BUSINESS AS BISHOP CONSTRUCTION COMPANY, v. D. H. BLACK AND E. L. HAZEN, TRADING AS MOUNTAIN CREST FARMS, AND VINNIE BLACK.

(Filed 21 March, 1951.)

**1. Appeal and Error § 10a—**

An exception to the order for the disbursement of the funds remaining in the hands of the receiver in accordance with the receiver's report theretofore filed, to which no exception was taken, presents the correctness of the judgment for review, and the alleged error being presented by the record proper, no case on appeal is required.

**2. Receivers § 12d—**

Where there are no exceptions to the receiver's report, an exception to the order of the court directing the disbursement of the funds remaining in the receiver's hands presents the question of whether the priority of payment directed is correct upon the findings of the receiver.

**3. Receivers § 12c—**

Under the provisions of R.S. 3466, 31 U.S.C.A. 191, the United States is entitled to priority upon its claim for taxes immediately upon the appointment of a receiver provided the debtor is insolvent at the time of the appointment, irrespective of the time its claim for taxes is docketed in the district.

**4. Same—**

While the right of the United States to priority on its claim for taxes against an insolvent is not enforceable "against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector," 26 U.S.C.A. 3672, creditors who have attached property of the debtor prior to the appointment of the receiver but who have not reduced their claims to judgment at the time the right of the United States to priority of payment arises, do not come within this category and they are not entitled to priority over the claim for taxes.

**5. Same—**

Where all claims filed with the receiver which were secured and superior to the claim of the United States for taxes have been paid in full, the claim of the United States for income taxes due from the debtor, filed with, approved and reported by the receiver, is entitled to full satisfaction out of the assets of the insolvent before any other claim or charges of other creditors can be paid from the assets.

APPEAL by the United States from *Rudisill, J.,* December Term, 1950, of HENDERSON.

This is an action instituted 11 October, 1949, in which the plaintiff alleged the defendants D. H. Black and C. L. Hazen, trading as Mountain Crest Farms, were nonresidents of North Carolina; that they were indebted to him in the sum of $1,705.88, and in which a warrant of attachment was issued and levied on certain personal property belonging to the defendants.

The plaintiff further alleged other creditors had filed suits and attached property of the defendants; that the debts of the defendants amounted to approximately $100,000, and that a large number of additional creditors were preparing to file suits and attach their property. Wherefore, the plaintiff prayed the court to appoint a receiver to take over the assets of the defendants and to restrain the creditors from instituting further suits and to require all the defendants' creditors to file their claims with the receiver in order that such claims might be adjudicated in said receivership. Accordingly, a temporary receiver was appointed and the appointment was made permanent on 7 November, 1949. Thereafter, on 6 March, 1950, the Receiver made his report to the March Term of the Superior Court of Henderson County, the pertinent parts of which are as follows:

"The undersigned duly appointed receiver in the above entitled action respectfully reports to the court . . . a list of the names of all creditors

who have filed claims with him, as receiver, with the finding by the receiver as to the priority of each claim as provided by statute:

"1. The cost of this action to be taxed by the court.

"2. State Trust Company mortgage on real estate together with collateral note secured on bean seed, $23,052.22. This the receiver finds to be a first lien and prior claim on the money derived from the sale of the real estate and equipment of the defendants.

"3. State Trust Company, $7,158.83. Secured by chattel mortgage on farm equipment which has already been paid under former order of the court.

"4. To the U. S. Government for income tax liens filed: amount at this time not absolutely determined, but approximately, $2,691.39.

"5. Any other taxes that may be due the Government of the U. S., or the State of North Carolina, that have not been filed with the Receiver.

"6. Ossie Bishop, the sum of $715.00 by reason of sale of Buick automobile to W. R. Johnson for the sum of $730.00, which automobile had been attached by said Ossie Bishop prior to the appointment of your Receiver, your Receiver finding as a fact that such attachment constitutes a prior lien on funds derived from said sale.

"7. To Ben Israel the sum of $632.14, by reason of said Ben Israel having attached one Ford Truck which was sold to W. R. Johnson for the sum of $1,000 prior to the appointment of the Receiver in this cause, which the Receiver finds is a prior lien on the funds derived from the sale of said truck."

The report then deals with additional preferred claims, not pertinent to this appeal, and lists the common creditors who are entitled to share ratably in any assets remaining after payment of the preferred claims. ·

No exceptions were filed to the report of the Receiver.

After the payment of items two and three, as shown in the report of the Receiver, the only assets remaining in the hands of the Receiver, is a sum slightly in excess of $1,000.

At the December Term, 1950, of the Superior Court of Transylvania County, the court entered an order purporting to determine the parties entitled to receive the funds then in the hands of the Receiver.

The court held that since the Receiver was appointed on 12 October, 1949, and "the Collector of Internal Revenue did not transfer and have docketed its claim from the State of Florida to the Collector of Internal Revenue, in Greensboro, against the defendants until several months thereafter," the United States is not entitled to recover on its claim. The order then states that the remaining parties having entered into an agreement prorating their claims which were approved by the Receiver as a preference, or preferred claim, the court ordered the Receiver to pay to Ben Israel the sum of $250.00, to Ossie Bishop $550.00, and to the

State Trust Company the sum of $200.00, and to file his report and be discharged.

This judgment was entered by consent of the attorney of record who represents the plaintiff Ossie Bishop, and who also represented the Receiver at the hearing below, and by the respective attorneys representing State Trust Company and Ben Israel.

Upon being apprised of the entry of this judgment, the United States excepted thereto and gave notice of appeal to the Supreme Court.

*A. J. Redden for Ossie Bishop.*

*O. B. Crowell for State Trust Company.*

*Paul K. Barnwell for Ben Israel, appellees.*

*Thomas A. Uzzell, Jr., United States Attorney, and James B. Craven, Jr., Asst. United States Attorney, for appellant.*

DENNY, J. The appellees move to dismiss the appeal for that the appellant failed to serve a statement of case on appeal pursuant to the order entered by his Honor on 13 December, 1950, and for the further reason that no notice was given the appellees or their attorneys of the hearing when the court adjudged that the record proper should constitute the case on appeal.

The correctness of the judgment entered below is the only question posed for decision, and that is presented by the exception noted.

When an error relied on by the appellant is presented by the record proper, no case on appeal is required. *Russos v. Bailey,* 228 N.C. 783, 47 S.E. 2d 22. This cause was heard below on the report of the Receiver, therefore it was unnecessary to serve a case on appeal. *Reece v. Reece,* 231 N.C. 321, 56 S.E. 2d 641; *Privette v. Allen,* 227 N.C. 164, 41 S.E. 2d 364; *Bessemer Co. v. Hardware Co.,* 171 N.C. 728, 88 S.E. 867; *Commissioners v. Scales,* 171 N.C. 523, 88 S.E. 868. The motion to dismiss is denied.

The appellant excepts and assigns as error the signing of the judgment entered below in that it directs the disbursement of the remaining assets in the hands of the Receiver in a manner contrary to the law governing priority of payments among creditors, and for the further reason that his Honor had no jurisdiction to reverse the findings of the Receiver in the absence of appropriate exceptions to his report.

In the case of *Surety Corp. v. Sharpe,* 232 N.C. 98, 59 S.E. 2d 593, *Ervin, J.,* speaking for the Court, sets out in a very comprehensive manner the duties of a receiver. It is pointed out that "the receiver must pass upon the validity and priority of the claims presented to him, and allow or disallow them or any part thereof, and notify claimants of his determination. . . . G.S. 55-152. . . . When this is done 'any inter-

ested person' may except to the reported finding of the receiver as to the claim, and contest such finding in the original receivership action without any leave from court provided he files his exceptions in apt time. . . . G.S. 55-152."

No exception having been taken to the report of the Receiver, this appeal turns upon whether the United States is entitled to priority of payment on the findings of the Receiver.

The Congress of the United States in 1797 enacted a statute conferring upon the government a right of priority in payment out of the assets of an insolvent debtor of all claims due the United States. There has been no substantial change in this statute in the meantime, which is now R.S. 3466, 31 U.S.C.A. 191, the pertinent part of which reads as follows: "Whenever any person indebted to the United States is insolvent, or whenever the estate of any deceased debtor, in the hands of the executors or administrators, is insufficient to pay all the debts due from the deceased, the debts due to the United States shall be first satisfied."

"It is well settled that the priority statute does not create a lien upon the debtor's property in favor of the United States, but merely confers upon the government a right of priority in payment out of that property in the hands of the debtor's assignees or other representatives, under the conditions specified in the statute." 28 Am. Jur., Insolvency, section 73, p. 819. *Bramwell v. United States Fidelity & G. Co.,* 269 U.S. 483, 70 L. Ed. 368; *United States v. Emory,* 314 U.S. 432, 86 L. Ed. 314; 44 C.J.S., Insolvency, section 14 (b), p. 374.

The priority of the United States, under the provisions of the above statute, attaches upon the appointment of a voluntary or involuntary receiver, *Gordon v. Campbell,* 329 U.S. 362, 91 L. Ed. 348, or upon the date of debtor's assignment for the benefit of creditors, *United States v. Waddill, Holland & Flinn,* 323 U.S. 353, 89 L. Ed. 294; *United States v. Texas,* 314 U.S. 480, 86 L. Ed. 356; *Price v. United States,* 269 U.S. 492, 70 L. Ed. 373; *In re Mitchell's Restaurant,* ..... Del. ..., 67 A. 2d 64; *Spokane Merchants' Asso. v. State,* 15 Wash. 2d 186, 130 P. 2d 373.

However, the right to priority of payment under the above statute does not give the government any lien or right that may be enforced "against any mortgagee, pledgee, purchaser, or judgment creditor until notice thereof has been filed by the collector" in accordance with the provisions of 26 U.S.C.A. 3672.

The appellees, Ossie Bishop and Ben Israel, are creditors who attached property of the debtors prior to the appointment of the Receiver. Even so, they had not reduced their claims to judgment at the time the right of priority of payment in favor of the government arose. Hence, they cannot claim priority under the above statute. They were not mortgagees, pledgees, purchasers or judgment creditors at the time the right

to priority of payment arose in favor of the United States. *United States v. Texas, supra; MacKenzie v. United States* (C.C.A. 9th Cir.), 109 F. 2d 540.

Moreover, prior to the adoption of 26 U.S.C.A. 3670, 3671 and 3672, not even innocent purchasers for value, holders of recorded mortgages, or of unsatisfied judgments of record were protected from an unrecorded tax lien. *United States v. Snyder,* 149 U.S. 210, 37 L. Ed. 705; *MacKenzie v. United States, supra.*

It is well, however, to keep in mind that priority of payment in favor of the government within the meaning of R.S. 3466, 31 U.S.C.A. 191, does not arise unless the debtor is insolvent. *Louisiana State University v. Hart,* 210 La. 78, 26 So. 2d 361, 174 A.L. R. 1366; *United States v. Oklahoma,* 261 U.S. 253, 67 L. Ed. 638. But where a receiver is appointed the insolvency of the debtor, at the time of the appointment, is clearly demonstrated when it appears his assets when liquidated are insufficient to satisfy the claims of contesting creditors. *Gordon v. Campbell, supra.*

Now, as to the appellee, State Trust Company, it is difficult to understand why the court below approved the payment of any portion of the funds remaining in the hands of the Receiver to this claimant. It appears from the record that the State Trust Company filed only two claims with the Receiver and that both of them were paid in full. Furthermore, the only reference to an additional claim by this concern is found in an order signed by his Honor 10 October, 1950, which contains the following statement: "The court further finds that the State Trust Company has a claim in the amount of $1,020.00, which it claims to be a first claim prior to the three creditors set up in said report." How this claim arose, why it was not filed with the Receiver, and why it should be allowed as either a preferred or common claim is not disclosed by the record.

Since it appears that all claims filed with the Receiver, which were secured and superior to the claims of the United States under the provisions of 26 U.S.C.A. 3670, 3671 and 3672, have been paid in full, it is our opinion, and we so hold, that the claim of the United States for income taxes due from the debtors, claim for which was filed with, approved and reported by the Receiver, is entitled to full satisfaction out of the assets of the insolvent debtors before any additional claim or charge is paid except the costs incident to the receivership.

The judgment entered below is vacated and this cause is remanded for judgment in accord with this opinion.

Error and remanded.