MAE WILSON, MINNIE WILSON AND RENA WILSON v. G. W. CHAND-
LER AND WIFE, BETSY CHANDLER, THELMA CHANDLER, PIERCE
CHANDLER, LEONARD CHANDLER AND JAY CHANDLER.

(Filed 14 October, 1953.)

**1. Appeal and Error §§ 10a, 31b—**

Where the error relied upon by appellant is presented by the record proper, the record constitutes the case to be filed in the Supreme Court, and appellant is not required to serve it on appellee or his counsel. Therefore, appellee's motion to dismiss on the ground that appellants failed to make up and serve the case on appeal is without merit.

**2. Trespass § 2: Ejectment § 14—**

In an action to recover damages resulting from trespass upon plaintiffs' lands, when there is no allegation to the effect that the defendants are in actual possession of any part of the lands, defendants are not required to post bond before answering. G.S. 1-111, G.S. 1-211.

**3. Judgments § 11: Trespass § 6—**

In an action to recover damages for trespass, in which there is no allegation in the complaint that defendants or any of them claimed title to plaintiffs' lands or any part thereof, a judgment by default against one of defendants establishes plaintiffs' cause of action for trespass against such defendant, entitling plaintiffs to such damages as may be ascertained by a

jury upon the inquiry, G.S. 1-212, but recitals in the judgment that plaintiffs are owners of the lands in fee simple and entitled to possession thereof do not have any effect except in so far as they relate to the cause of action as alleged.

**4.  Judgments § 27a—**

A default judgment may not be set aside in the absence of a finding by the court that defendant's neglect was excusable and that he has a meritorious defense, and order setting aside such judgment solely for error of law must be reversed.

APPEAL by plaintiffs from *Sink, J.,* March Term, 1953, of YANCEY.

This was an action to recover damages resulting from trespass upon the lands of the plaintiffs by the defendants in cutting and removing timber therefrom, destroying fences thereon, and to obtain a permanent injunction enjoining the defendants from further trespassing upon the lands of the plaintiffs.

The summons was issued on 11 August, 1952, and the verified complaint was filed the same day in the office of the Clerk of the Superior Court. The summons, together with a copy of the complaint, was duly served on the defendant G. W. Chandler on 18 August, 1952. It appears from the record that no answer was filed by the defendant G. W. Chandler within the time allowed by law and no extension of time in which to file answer was requested by him, and the time for answering was not extended by the court. The other defendants filed answer.

Judgment by default and inquiry was entered against the defendant G. W. Chandler by the Clerk of the Superior Court of Yancey County on 3 October, 1952.

The default judgment purports to rest upon two grounds, to wit: (1) failure to file an undertaking as required by law, and (2) failure to file an answer. The judgment purports to adjudicate and declare the plaintiffs to be the owners and entitled to the possession of the lands described in the complaint; to grant judgment by default and inquiry as to the damages sustained by reason of the wrongful trespass, and taxed the costs against the defendant G. W. Chandler.

Motion was made at the March Term, 1953, of the Superior Court in Yancey County by the appellee's counsel to set aside the default judgment. Whereupon the court found as a fact "that the judgment by default as against G. W. Chandler arose out of an error, and that the same did not, and does not constitute inexcusable error," and allowed the motion. The court also allowed a motion that the defendant G. W. Chandler be permitted to adopt the answer previously filed by the other defendants. The plaintiffs appeal, assigning error.

*R. W. Wilson, Bill Atkins, and W. E. Anglin for plaintiffs, appellants. No counsel contra.*

DENNY, J.   The appellee filed no brief in this Court· but lodged a motion to dismiss the appeal on the ground that the appellants failed to make up and serve the case on appeal on the appellee or his counsel.

If an error relied on by an appellant is presented by the record proper, as it is on the present record, no case on appeal is required.   The record constitutes the case to be filed in this Court and the appellant is not required to serve it on the appellee or his counsel.   The motion is without merit and is denied.   *Bishop v. Black*, 233 N.C. 333, 64 S.E. 2d 167; *Reece v. Reece*, 231 N.C. 321, 56 S.E. 2d 641; *Russos v. Bailey*, 228 N.C. 783, 47 S.E. 2d 22; *Privette v. Allen*, 227 N.C. 164, 41 S.E. 2d 364; *Bessemer Co. v. Hardware Co.*, 171 N.C. 728, 88 S.E. 867; *Commissioners v. Scales*, 171 N.C. 523, 88 S.E. 868.

In an action for damages for trespass upon realty in which there is no allegation to the effect that the defendant is in actual possession of the property or any part thereof, the defendant is not required to post bond before answering, as required by G.S. 1-111 and G.S. 1-211, subsection 4. *Hodges v. Hodges*, 227 N.C. 334, 42 S.E. 2d 82.   Furthermore, there is no allegation in the complaint that the defendants or any of them claim title to plaintiffs' lands, as described in the complaint, or any part thereof. Hence, that portion of the judgment declaring the plaintiffs to be the owners in fee simple and entitled to the possession of the lands described in the complaint, in fact constitutes no more than a finding as to matters alleged in the complaint as a basis for plaintiffs' right of recovery.

The judgment by default and inquiry established plaintiffs' cause of action as alleged in their complaint and their right to recover of the defendant G. W. Chandler at least nominal damages.   Consequently, the plaintiffs are entitled to such damages as flow from or arise out of said cause of action.   Only the amount of these damages, to be ascertained by a jury, is left open for inquiry.   G.S. 1-212; *DeHoff v. Black*, 206 N.C. 687, 175 S.E. 179; *Mitchell v. Ahoskie*, 190 N.C. 235, 129 S.E. 626; *Armstrong v. Asbury*, 170 N.C. 160, 86 S.E. 1038; *Plumbing Co. v. Hotel Co.*, 168 N.C. 577, 84 S.E. 1008; *Junge v. MacKnight*, 137 N.C. 285, 49 S.E. 474; *McLeod v. Nimocks*, 122 N.C. 437, 29 S.E. 577.   Therefore, the movant was not entitled·to have the judgment set aside in the absence of a showing by him and a finding by the court that his neglect was excusable and that he has a meritorious defense to plaintiffs' cause of action. *Stephens v. Childers*, 236 N.C. 348, 72 S.E. 2d 849; *Perkins v. Sykes*, 233 N.C. 147, 63 S.E. 2d 133; *Hanford v. McSwain*, 230 N.C. 229, 53 S.E. 2d 84; *Whitaker v. Raines*, 226 N.C. 526, 39 S.E. 2d 266; *Johnson v. Sidbury*, 225 N.C. 208, 34 S.E. 2d 67.

Since there is no showing or finding in the court below that the appellee's failure to answer was due to excusable neglect and that he has a meritorious defense, it was error to strike out the default judgment, and the order to that effect is set aside and the cause remanded for further proceedings as provided by law. *Presnell v. Beshears,* 227 N.C. 279, 41 S.E. 2d 835.

Reversed.