MARY ALICE DENNY, GUARDIAN OF THE ESTATE OF LOUISE HUFFINES DENNY, MINOR, AND MARY ALICE DENNY, INDIVIDUALLY, v. R. C. COLEMAN, SR., R. C. COLEMAN, JR., JOE COLEMAN, C. L. COLEMAN AND MRS. HARRIET L. SIKES, TRADING AND DOING BUSINESS AS GREENSBORO TOBACCO WAREHOUSE COMPANY, AND J. F. FUQUA, ALSO KNOWN AS J. T. FUQUA.

(Filed 28 November, 1956.)

**1. Torts § 5—**

Where the acts of several persons concur in producing a single tortious injury, the injured person may sue them either jointly or separately, notwithstanding that their liability as between themselves may be primary and secondary.

**2. Trover and Conversion § 2—**

Each party participating in a wrongful conversion may be sued by the owner without joinder of the others, since each is jointly and severally liable.

**3. Torts § 6—**

Where the owner sues some of the parties participating in a tortious conversion of his property and obtains judgment by default and inquiry, regular in all respects, the original defendants are not entitled to bring in the other tort-feasors as against plaintiff, and as between plaintiff and the original defendants, the action is pending solely to determine the amount of damages to be ascertained by the jury, G.S. 1-212, although the original defendants may seek to enforce their right of contribution against the other tort-feasors in the manner provided in G.S. 1-240.

JOHNSON, J., not sitting.

APPEAL by defendants R. C. Coleman, Sr., R. C. Coleman, Jr., Joe Coleman, C. L. Coleman and Mrs. Harriet Sikes, trading and doing business as Greensboro Tobacco Warehouse Company, from *Rousseau, J.,* September Term, 1956, of GUILFORD (Greensboro Division).

This action was instituted in the Civil Division of the Greensboro Municipal-County Court. Summons was issued on 21 March 1956 and plaintiffs' complaint was filed on 9 April 1956.                    '

Plaintiffs allege that they rented to Ed Shearon for the 1955 agricultural season a certain farm owned by them for a cash rental of $600.00; that the said farm had a tobacco acreage allotment of 2.80 acres and that a tobacco acreage allotment marketing card for said farm was issued in the name of Mary Alice Denny; that the tenant Shearon cultivated a crop of tobacco on plaintiffs' farm and that the tenant Shearon and defendant Fuqua wrongfully obtained plaintiffs' tobacco marketing card from the Commodity Stabilization Service and sold the crop of tobacco grown on plaintiffs' land at the tobacco warehouse operated by the defendants Coleman and associates; that the tenant Shearon and defendant Fuqua received from the defendant Tobacco Warehouse Company the net proceeds from the sale of said tobacco in the sum of $896.10; that the tenant Shearon has paid to plaintiffs the sum of $122.00 on his rent account, leaving a balance due plaintiffs of $478.00.

Plaintiffs further allege that under the provisions of G.S. 42-15 they held a lien on all crops raised on their farm during the 1955 season and that the defendants Coleman and associates wrongfully paid to Ed Shearon and defendant Fuqua the proceeds of the tobacco raised on plaintiffs' farm and marketed by Ed Shearon and defendant Fuqua.

Before the time for answering expired, the defendant Fuqua filed with the court an unverified motion, praying that Ed Shearon be made a

party defendant. This motion has never been heard and is still pending in the Municipal-County Court.

Appellants failed to file any answer or other pleadings within the time allowed by law and no extension of time in which to file such pleadings was ever requested or granted by the court.

After the time for answering had expired, the judge of the Municipal-County Court entered a judgment by default and inquiry against the appellants. After the time for appealing from the entry of the judgment by default and inquiry had expired, appellants filed with the court their unverified motion, praying that said Shearon be made a party defendant as a proper and necessary party, and sought to adopt as their own the motion filed by their co-defendant Fuqua.

Upon the hearing of the inquiry as to damages and appellants' motion, the judge of the Municipal-County Court overruled the appellants' motion and awarded judgment in favor of the appellees in the sum of $478.00, with interest.

Appellants appealed to the Superior Court from the judgment of the Municipal-County Court. At the hearing on their motion in the Superior Court before his Honor J. A. Rousseau, they offered no evidence of any nature in support thereof and admitted in open court that they were not entitled to have the judgment by default and inquiry set aside. Judge Rousseau denied appellants' motion to make Ed Shearon a party defendant to the action. Judgment was accordingly entered and the above named defendants appeal, assigning error.

*Chas. M. Ivey, Jr., for appellees.*

*Andrew Joyner, Jr., for appellants.*

DENNY, J. A plaintiff may sue joint tort-feasors either jointly or separately. McIntosh, North Carolina Practice and Procedure, 2nd Edition, Volume 1, section 584, page 293; *Charnock v. Taylor,* 223 N.C. 360, 26 S.E. 2d 911, 148 A.L.R. 1126; *Godfrey v. Power Co.,* 223 N.C. 647, 27 S.E. 2d 736, 149 A.L.R. 1183; *Jones v. Elevator Co.,* 231 N.C. 285, 56 S.E. 2d 684.

McIntosh, *supra,* section 584, page 343, states: ". . . when the acts of defendants concur to produce a single injury, thus making them joint tort-feasors, plaintiff may sue them jointly or separately. He has the same option when two defendants are both liable to him in tort, though, as between themselves, their liability is primary and secondary."

In 53 Am. Jur., Trover and Conversion, sections 155 and 156, page 929, *et seq.,* it is said: "Although one of several tort-feasors may be held liable for the full amount of damages for a conversion in which he has participated, and it is not necessary to join the others, there is joint

and several liability on the part of several persons participating in a conversion . . .

"It is clear that it is not necessary to join the original converter of the property with a subsequent purchaser in an action against the latter for a wrongful conversion of the property."

Ordinarily, in an action arising out of a joint tort, wherein judgment may be rendered against two or more persons, who are jointly and severally liable, and not all of the joint tort-feasors have been made parties, those who have been made parties may at any time before judgment, upon motion, have the other joint tort-feasors brought in and made parties defendant in order to determine and enforce contribution. G.S. 1-240; *Godfrey v. Power Co., supra; Freeman v. Thompson,* 216 N.C. 484, 5 S.E. 2d 434.

The motion to make an additional party, in the instant case, however, was not made until after a judgment by default and inquiry had been entered, a judgment which these appellants concede is valid and which they are not entitled to have set aside. Therefore, nothing is left open for further inquiry in this action, as between the plaintiffs and the appellants, except the amount of damages to be ascertained by the jury. G.S. 1-212; *Wilson v. Chandler,* 238 N.C. 401, 78 S.E. 2d 155; *DeHoff v. Black,* 206 N.C. 687, 175 S.E. 179; *Mitchell v. Ahoskie,* 190 N.C. 235, 129 S.E. 626; *Armstrong v. Asbury,* 170 N.C. 160, 86 S.E. 1038; *Plumbing Co. v. Hotel,* 168 N.C. 577, 84 S.E. 1008; *Blow v. Joyner,* 156 N.C. 140, 72 S.E. 319.

G.S. 1-240 authorizes defendants in tort actions to bring in other joint tort-feasors before judgment in order that their mutual contingent liabilities may be litigated "before they have accrued, *Lackey v. R. Co.,* 219 N.C. 195, 13 S.E. 2d 234, so that all matters in controversy growing out of the same subject of action may be settled in one action, *Freeman v. Thompson,* 216 N.C. 484, 5 S.E. 2d 434, though the plaintiff in the action may be thus delayed in securing his remedy." *Evans v. Johnson,* 225 N.C. 238, 34 S.E. 2d 73. However, when a plaintiff has elected to sue one or more joint tort-feasors, but not all of them, the others are not necessary parties and the plaintiff cannot be compelled to pursue them. *Charnock v. Taylor, supra.*

In our opinion, when joint tort-feasors, who have been sued in an action, fail to file an answer to a complaint that states a good cause of action, and the plaintiffs obtain a judgment by default and inquiry, which is regular in all respects, a motion, lodged thereafter, to bring in other joint tort-feasors so as to determine liability for contribution as between themselves, comes too late, and we so hold. Such defendants may, however, seek to enforce their right to contribution in the manner provided in G.S. 1-240.

The cases of *Beard v. Sovereign Lodge,* 184 N.C. 154, 113 S.E. 661, and *Strickland v. Shearon,* 193 N.C. 599, 137 S.E. 803, cited and relied upon by the appellants, are not in point. These cases involve motions to set aside judgments based on facts wholly unrelated to the factual situation on the present appeal.

The judgment of the court below is
Affirmed.

JOHNSON, J., not sitting.