MRS. BANNER HEFFNER v. JEFFERSON STANDARD LIFE INSURANCE COMPANY, INC., AND L. F. LONG.

(Filed 2 November, 1938.)

1. **Judgments § 9—Defendant has thirty days from determination of motion to strike out in which to answer or demur.**

A motion to strike out is required to be made before answer or demurrer, and therefore when such motion is made within thirty days from the filing and service of summons and complaint, and notice of the motion is mailed to and received by plaintiff's attorney within that time, plaintiff is not entitled to judgment by default prior to the final determination of the motion, since defendants have thirty days after final determination of the motion in which to answer or demur. C. S., 509, 537.

2. **Pleadings § 29: Notice—Receipt of notice of motion to strike out by mail held to render service by officer unnecessary.**

Plaintiff is not entitled to have notice of motion to strike out served on her by an officer, C. S., 914, especially so when reason for such service is rendered nugatory by a finding that notice was mailed to and received by plaintiff's attorneys within the time allowed.

APPEAL by plaintiff from *Rousseau, J.,* at May Term, 1938, of CATAWBA. Affirmed.

*Fred D. Caldwell and W. H. Childs for plaintiff, appellant.*

*Smith, Wharton & Hudgins and W. C. Feimster for defendants, appellees.*

SCHENCK, J. This is an action to recover, in addition to the single indemnity heretofore paid her, double indemnity for accidental death alleged to be due the plaintiff as beneficiary under a life insurance policy

issued by the corporate defendant upon the life of her late husband, John W. Heffner, and to recover by way of punitive damage for the wrongful withholding of the amount due her by reason of the fraud of the defendants.

Summons was issued on 19 March, 1938, and was duly served on the defendant L. F. Long on 19 March, 1938, and on the corporate defendant on 22 March, 1938, and a copy of the complaint was delivered to each of the defendants at the time service was made. On 8 April, 1938, the defendants filed with the clerk a written motion for an order "striking, eliminating and holding for naught" certain allegations from the complaint to the effect that the coroner of Catawba County impaneled a jury at the time of the death of John W. Heffner, which examined the body of the deceased and heard testimony, and found that the death of the deceased was caused by the accidental discharge of a pistol and that the verdict and report of coroner was accordingly filed in the office of the clerk, which verdict is now filed and has been so filed in said office since 1 March, 1923, and that the report and verdict of the coroner and the jury were well known to the defendants at the time of said inquest and at the time of the perpetration of the fraud upon the plaintiff by the defendants.

Predicated upon the fact that no answer or demurrer had been filed upon "the 25th day of April, 1938, it being the fourth Monday in said month of April," the plaintiff lodged before the clerk written motion for judgment by default final for double indemnity due to accidental death, with interest, and for judgment by default and inquiry by way of punitive damage for the wrongful and fraudulent withholding of the amount due. This motion for judgment by default was denied by the clerk and plaintiff appealed to the judge.

On 16 May, 1938, "J. A. Rousseau, Judge presiding over and holding regularly the May Term, 1938, of the Superior Court of Catawba County," found as facts (1) that summons in the cause was issued on 19 March, 1938, which was duly served on defendant Long on 19 March, 1938, and on the corporate defendant on 22 March, 1938, and that copies of the complaint were left with the defendants at the time the respective services were made; (2) that on 8 April, 1938, the defendants filed with the clerk of the Superior Court a written motion to strike four several paragraphs of the complaint, and at the same time left with said clerk two copies of the motion, which copies were mailed by the clerk to each of the plaintiff's attorneys of record; (3) that on 25 April, 1938, when attorneys for plaintiff moved before the clerk that he sign default judgment, they each had received a copy of the motion to strike filed by the defendants on 8 April, 1938, which was prior to the expiration of thirty days after service of summons on each of the defendants; (4) that on 25 April, 1938, the clerk entered judgment denying the motion of the

plaintiff for judgment by default; and (5) that plaintiff appealed to the Superior Court, and "upon the foregoing finding of facts and in the exercise of the discretion of the court" the judge ordered and adjudged that the order of the clerk be affirmed and the case remanded to the clerk for further proceedings. To the foregoing judgment the plaintiff reserved exceptions and appealed to the Supreme Court.

The defendants had thirty days after service of summons upon them in which to appear and answer or demur, or thirty days "after the final determination of any other motion required to be made prior to the filing of the answer, . . ." C. S., 509. The motion to strike filed by the defendants was required to be "made before answer or demurrer, or before an extension of time to plead is granted." C. S., 537. The defendants lodged their motion to strike prior to the expiration of the time allowed to appear and answer or demur and were therefore allowed thirty days after the final determination of such motion in which to answer or demur. There has been as yet no final determination of the defendants' motion to strike, and therefore no default for the want of answer or demurrer.

We do not concur with the contention of the plaintiff that she was entitled, under C. S., 914, to have served on her by an officer a notice of the defendants' motion to strike as a condition precedent to its validity. This is especially so, since any reason for such service of notice was rendered nugatory by the finding of the court that each of the attorneys for the plaintiff had had mailed to him and had received a copy of the motion to strike prior to the expiration of the time to answer or demur and prior to the time the motion for judgment by default was lodged.

The judgment below is

Affirmed.