DR. S. J. POTTS, PLAINTIFF, v. JAMES E. HOWSER, T/A HOWSER BOAT COMPANY, DEFENDANT AND JACK R. HARRIS, ADDITIONAL DEFENDANT.

(Filed 16 June, 1966.)

**1. Courts § 6—**

Upon appeal to the Superior Court from orders of the clerk relating to motions for judgment by default and inquiry, to strike allegations from a pleading and for the joinder of an additional party defendant, the jurisdiction of the Superior Court is not derivative, and the Superior Court has jurisdiction to determine the motions *de novo*, since the clerk is but a part of the Superior Court.

**2. Judgments § 13;   Admiralty—**

In an action for damages arising out of a boat collision on a lake, defendant's filing of a petition in admiralty seeking a limitation of liability (46 U.S.C.A., Ch. 8, § 183 *et seq.*) is not a motion within the purview of G.S. 1-125, and does not preclude the clerk from entering a judgment by default and inquiry under G.S. 1-212 for failure of defendant to answer or demur within the time limited. In this case the petition in admiralty for limitation of liability and for order restraining further proceedings in the State court was denied, and petitioner's appeal therefrom was not perfected.

**3. Judgments § 13—**

Motion for extension of time in which to demur or plead is not a motion required by statute to be made prior to the filing of answer within the purview of G.S. 1-125, and upon denying such motion the clerk is authorized to enter judgment by default for failure of defendant to demur or answer within the time limited, G.S. 1-212.

**4. Judgments § 15;   Parties § 4—**

Where defendant, after judgment by default and inquiry has been properly entered against him, files answer requesting the joinder of an additional party defendant for contribution, the order of the clerk joining the additional defendant is properly stricken by the clerk, the joinder of the

additional party defendant being inappropriate after the entry of the default judgment.

**5. Judgments § 15; Bill of Discovery § 2—**

After judgment by default and inquiry has been properly entered against defendant, who thereafter files answer and requests an adverse examination of plaintiff relating to plaintiff's prior injuries as affecting the issue of damages, the clerk properly strikes his previous order requiring the adverse examination of plaintiff, since, defendant's tardy answer having been stricken, he cannot be held to have filed answer, and therefore does not come within the purview of G.S. 1-568 *et seq.* His right to such examination upon the hearing of the issue of damages upon the inquiry is not presented.

**6. Judgments § 15—**

Where judgment by default and inquiry is properly entered, the Superior Court has inherent power in the exercise of its discretion to grant upon the inquiry on the amount of damages defendant's application for an order requiring plaintiff to submit to an examination by a medical expert to obtain evidence as to the extent of plaintiff's injuries.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.

APPEAL by original defendant from *McLaughlin, J.,* 12 April 1965 Session of ALEXANDER. Docketed and argued as Case No. 463 Fall Term 1965, and docketed as Case No. 445 Spring Term 1966.

Civil action to recover $275,000 damages for personal injuries and $422 for damage to a boat.

Plaintiff alleges in brief summary that about 7:15 p.m. on 11 April 1962 he was in his 16-foot mahogany custom-built fishing boat fishing. At the time his boat was stationary on the waters of Oxford Lake, also known as Lake Hickory, in Alexander County. He had lights on the front and rear of his boat, and also a utility light on the boat which was flashing a red light on and off. At the same time James E. Howser, trading as Howser Boat Company, was operating an Owens cabin cruiser boat owned by him on the waters of the same lake. When Howser's cabin cruiser boat was headed directly in the direction of plaintiff's fishing boat, Howser left the helm of his boat and began to work on or adjust the generator of his boat, and by reason of Howser's negligence, which is alleged in the complaint with particularity, Howser's boat collided with plaintiff's boat, proximately causing personal injuries to plaintiff and damage to his boat. Summons and a verified copy of the complaint were duly served on Howser.

On 21 May 1963 Howser filed an "In Admiralty Petition" in the United States District Court for the Western District of North

Carolina and an *ad interim* stipulation with surety seeking a limitation of liability, in accordance with the provisions of 46 U.S.C.A., Ch. 8, § 183 *et seq.*, and requesting the court to issue an injunction restraining the prosecution of all suits and actions and proceedings already begun to recover for damages sustained because of the collision of boats alleged in the complaint. On 23 May 1963 Wilson Warlick, United States District Judge, issued an order stating in substance: It is not agreeable to the court to assume the action and sign an order restraining further prosecutions of any actions that might be instituted by parties in interest, unless and until it is shown to the court that the facts as stated in Howser's petition bring this petition into the realm of admiralty as recognized by the Federal Statutes; the court offers to counsel presenting the petition an order giving notice to anyone interested to appear before the court, within a stated time, to show cause, but refuses to sign an order restraining unknown parties based on the petition, particularly since it appears that a prior action is now pending in the Superior Court of Alexander County about this same controversy. To the court's failure to sign the order requested, petitioner gave notice of appeal to the Federal Court of Appeals. Counsel for defendant Howser states in his brief, "Said appeal was never perfected." On page 3 of the record it is stated: "It is further stipulated that after hearing, his Honor, Wilson Warlick, United States District Judge for the Western District of North Carolina, on February 28, 1964 granted the motion to dismiss the limitation proceedings in the United States District Court instituted by the defendant, for lack of jurisdiction."

On 22 May 1963 defendant Howser filed in the Superior Court of Alexander County a motion that he be allowed not to file answer or other pleadings until 30 days after a final determination of the "In Admiralty Petition" filed by him in the United States District Court for the Western District of North Carolina. On 26 September 1963 the clerk of the Superior Court of Alexander County denied this motion. On 1 October 1963 defendant Howser excepted to the clerk's order denying his motion, and appealed to the Superior Court of Alexander County.

On the same day, 26 September 1963, the clerk of the Superior Court of Alexander County entered an order in substance as follows: It appearing to the court that summons and complaint in the case of *Dr. S. J. Potts v. James E. Howser, t/a Howser Boat Company,* were issued on 12 April 1963, were served upon the defendant by the sheriff of Mecklenburg County on 23 April 1963; and it further appearing to the court that more than 30 days had expired since summons and copy of the complaint were served upon the defendant and that no pleadings as allowed by law have been filed

by the defendant; and it further appearing to the court that motion of the defendant for an extension of time to file answer which goes beyond the jurisdiction and authority of the court has been denied by an order entered in this cause; it is now, therefore, on motion of plaintiff adjudged that judgment by·default be entered in said cause, and that said cause be transferred to the civil issue docket to the end that an issue of inquiry be presented to the court and a jury for its determination as to the damages to which plaintiff is entitled.

On 3 October 1963 defendant Howser filed a motion in the Superior Court of Alexander County praying that the judgment by default and inquiry signed by the clerk of the Superior Court of Alexander County on 26 September 1963 be declared null and void. There is nothing in the record to indicate that the clerk passed on this motion.

On 23 October 1963 defendant Howser filed in the Superior Court of Alexander County an answer denying that he was guilty of any negligence in respect to the collision as alleged in the complaint. As a first further answer and defense defendant alleged that if the jury should find that he was negligent in any manner that plaintiff was also negligent in certain particulars alleged in his first further answer, and that this constituted contributory negligence on plaintiff's part and bars any recovery by plaintiff in this action. For a second further answer, defense and cross-action defendant avers that Jack R. Harris was in the boat at the time of the collision, that defendant observed that the water pump of his engine was not working properly, that he asked Harris to operate the boat while defendant adjusted the grease cups in the water pump, and that if the jury should find that he was negligent then Harris was also guilty of negligence in the operation of the boat in the manner specified in his second further answer, defense and cross-action, and that such negligence combined and concurred with his negligence in producing any injury or damage which plaintiff may have sustained, and he asks that Harris be brought in under G.S. 1-240 as an additional party defendant. On 23 October 1963 the clerk of the Superior Court of Alexander County issued an order making Harris a party defendant in the action and ordering that a copy of the summons, the complaint, and the answer of defendant Howser be served upon him, and that Harris be allowed 30 days after such service within which to plead.

On 30 October 1963 plaintiff filed a motion in the case praying that the purported answer filed by defendant Howser on 23 October 1963 be expunged of record, and that the Superior Court of Alexander County at the March 1964 Session conduct an inquiry as to

the amount of damages the plaintiff is entitled to recover of defendant.

On 20 November 1963 Jack R. Harris filed a motion in the Superior Court of Alexander County alleging in substance: That the order of the court on 23 October 1963 making him a party to the action was improperly entered in that there existed at the time a judgment by default in favor of plaintiff and against the original defendant which was regular on its face, and that such judgment bars his joinder in this action for the purpose of contribution. On the same date Harris, without waiving the benefit of his motion to vacate the order making him an additional party defendant, demurred to the cross-action of defendant Howser.

On 19 December 1963 defendant Howser filed an affidavit in the Superior Court of Alexander County stating in substance: That he desires to examine plaintiff in respect to his medical history, to examine certain persons who have known plaintiff for a long period of time, and to inquire as to disability payments received by him from the Government, and he prayed the court to issue an order appointing a commissioner to conduct such examination upon written interrogatories, as provided by G.S. 1-568.17, and make a return to the court. On the same date Howser presented to the court 38 questions which he wished to ask plaintiff. On the same date the clerk of the Superior Court of Alexander County allowed the motion to examine plaintiff.

On 21 December 1963 plaintiff filed a motion in the Superior Court of Alexander County that the court enter an order striking out its order allowing defendant Howser to examine plaintiff upon written interrogatories. On 11 January 1964 the clerk of the Superior Court of Alexander County issued an order striking out his order previously entered allowing defendant Howser to examine plaintiff, and decreeing his former order as of no force and effect whatsoever. To this order Howser excepted and appealed to the Superior Court.

By stipulation on 13 March 1964 by attorneys for plaintiff, for the original defendant Howser, and for defendant Harris, the matter came on for hearing before McLaughlin, J., Resident Judge of the 22nd Judicial District, on the following:

"(1) Appeal by defendant from Order of the Clerk denying the defendant's Motion for an Extension of Time;

"(2) Motion to set aside Judgment by Default and Inquiry;

"(3) Motion of plaintiff to strike purported Answer of defendant;

"(4) Motion to strike Order making Jack Harris an Additional Party;

"(5) Appeal from Order striking Order to require plaintiff to appear and answer certain Interrogatories."

All the parties appeared at the hearing before Judge McLaughlin, and Judge McLaughlin, after hearing the arguments of counsel for plaintiff, Howser, and Harris, entered an order which was dated 12 April 1965, and is in substance as follows: (1) The order of the clerk of the Superior Court of Alexander County dated 26 December 1963 denying plaintiff's motion for an extension of time to file an answer or other pleading to the complaint is adjudged correct and is affirmed (Judge McLaughlin's order states that the order of the clerk was dated 26 December 1963; this is a manifest error because the record shows that the clerk's order was dated 26 September 1963. And further, Judge McLaughlin's order stated that it was plaintiff's motion; this is a manifest error, for the record shows that it was defendant Howser's motion.); (2) with respect to the plaintiff's motion to set aside the judgment by default, it is adjudged that such judgment was properly and duly entered, and the court, in its discretion, declines to set the same aside (Judge McLaughlin's order stated that it was plaintiff's motion; this is a manifest error, for the record shows that it was defendant Howser's motion.); (3) the motion by plaintiff to strike the answer of the original defendant filed after the entry of the judgment by default and inquiry is allowed, and such answer is hereby stricken; (4) the motion of the additional defendant Harris to strike the order making him a party to this action is allowed; and (5) the appeal of the original defendant Howser from the order of the clerk striking the clerk's previous order requiring plaintiff to appear and answer certain interrogatories is affirmed.

From Judge McLaughlin's order, the original defendant Howser appealed to the Supreme Court.

*James C. Smathers for original defendant Howser, appellant.*
*McElwee & Hall by John E. Hall for plaintiff appellee.*
*Carpenter, Webb & Golding by William B. Webb for additional defendant Harris, appellee.*

PARKER, C.J. The original defendant Howser has four assignments of error. He does not assign as error Judge McLaughlin's ruling that the clerk's order dated 26 September 1963 denying his motion for an extension of time to file answer or other responsive pleading to the complaint is adjudged correct, and is affirmed. In

defendant Howser's brief it is stated: "The defendant does not question the right of the Clerk of the Superior Court of Alexander County to sign the order (R. p. 16) denying the motion of the defendant for an extension of time to plead which is the subject of paragraph #1 of Judge McLaughlin's order (R. p. 44)." But he does assign as errors Judge McLaughlin's other four rulings.

The clerk is but a part of the Superior Court and when the motions in the instant case were brought before the judge by stipulation of the parties to be heard, the Superior Court judge's jurisdiction is not derivative, but he has jurisdiction to hear and determine all these motions in controversy in the action. G.S. 1-276; *Perry v. Bassenger,* 219 N.C. 838, 15 S.E. 2d 365; 1 McIntosh, N. C. Practice and Procedure, 2d Ed., § 164, p. 98.

Defendant Howser assigns as error Judge McLaughlin's second ruling which is in substance as follows: With respect to defendant Howser's motion to set aside the judgment by default, it is adjudged that such judgment was duly and properly entered, and the court, in its discretion, declines to set the same aside. This assignment of error is overruled.

In the instant case summons was issued on 12 April 1963, and served on defendant Howser on 23 April 1963. Defendant Howser had 30 days after the service of summons upon him to appear and demur or answer, or after the final determination of certain motions specified in the statute, or *"after the final determination of any other motion required to be made prior to the filing of the answer,"* (Emphasis ours), or after final judgment in certain other matters specified in the statute which are not relevant here. Instead of demurring or answering in the State court in the instant case, defendant Howser elected to file an "In Admiralty Petition" in the United States District Court seeking a limitation of liability, in accordance with the provisions of 46 U.S.C.A., Ch. 8, § 183 *et seq.,* and requesting the Federal court to issue an injunction restraining all proceedings in the instant case in the Superior Court of Alexander County. Two days following the filing of his "In Admiralty Petition" in the Federal District Court, Judge Warlick, United States District Judge, refused to sign an order restraining any proceedings in the instant case in the State court. Defendant Howser appealed, but states in his brief that he never perfected his appeal. It is stipulated that Judge Warlick on 28 February 1964 dismissed Howser's petition for lack of jurisdiction. Defendant Howser makes no contention in his brief that his "In Admiralty Petition" filed in the United States District Court stayed proceedings in the State court. Defendant Howser's counsel states in his brief: "The writer now understands that if Judge Warlick had signed the order presented to him by

counsel for the defendant, this would have stayed the proceedings in the State court."

Defendant Howser's argument in his brief is as follows:

"THE DEFENDANT DOES CONTEND that, in accordance with the statute, G.S. 1-125, he should have been allowed thirty (30) days from the signing of said order in which to file answer. The petition in admiralty was valid on its face. If Judge Warlick had signed the order presented to him, it would have stayed the proceeding in the State Court (46 U.S.C.A. 185). An appeal was taken from the order which Judge Warlick did sign, which was never perfected. The plaintiff made no motion in the State Court for a period of several months after the time for appeal in the Federal Court had expired, and, having filed a motion, valid when made, in the State Court, the defendant did not file an answer.

"The defendant relies strictly upon the wording of the statute, G.S. 1-125. No determination of the motion of the defendant had been made until the very date upon which the Judgment by Default and Inquiry was made.

"Of course, there is provision in the statute which provides that the Clerk shall not extend the time for filing answer or demurrer more than once 'nor for a period of time exceeding twenty (20) days except by consent of the parties.' The defendant's motion was not based upon a simple extension of time. It was filed upon the belief of counsel for the defendant that the petition actually stayed the proceeding in the State Court."

In his brief on this assignment of error, defendant Howser cites no case or authority to sustain his argument. This contention is not tenable.

In essence Howser's motion made on 22 May 1963 before the clerk of the Superior Court of Alexander County that he be allowed not to file answer or other pleading until 30 days after the final determination of the "In Admiralty Petition" filed by him in the United States District Court is a motion for an extension of time in which to demur or plead in the instant case.

G.S. 1-125 provides: "The clerk shall not extend the time for filing answer or demurrer more than once nor for a period of time exceeding twenty days except by consent of parties." The motion of defendant here was in essence not for the twenty-day extension, but for an indeterminate extension based on the petition in Federal Court. There has been no showing of jurisdiction in the clerk to allow such motion. A motion to strike was held to be within the

category of "other motions" after final determination of which thirty days extension is allowed by C.S. 509, now G.S. 1-125. However, a motion to strike was required by statute to be made before answer or demurrer, or before an extension of time to plead is granted, C.S. 537, now G.S. 1-153. *Heffner v. Insurance Co.,* 214 N.C. 359, 199 S.E. 293. There is no statutory requirement that a motion for extension of time be made before answer.

It seems clear that a motion for an extension of time in which to demur or plead in the instant case is not "any other motion required to be made prior to the filing of the answer" within the intent and language of G.S. 1-125, for the simple reason that there is no statutory requirement that a motion for extension of time to demur or plead shall be made prior to the filing of the answer.

It is true that the clerk of the Superior Court of Alexander County did not deny Howser's request made on 22 May 1963, which was in essence a request for an extension of time in which to demur or plead, until 26 September 1963. However, there is no requirement that the clerk should immediately sign a judgment by default and inquiry for failure by defendant to appear and demur or plead, when the time to demur or plead has expired. See *King v. Rudd,* 226 N.C. 156, 37 S.E. 2d 116. When the judgment by default and inquiry was entered by the clerk on 26 September 1963, the time for defendant Howser to appear and answer or otherwise plead to the complaint had long expired. Howser's answer was filed on 23 October 1963. It was proper for the clerk to enter such judgment, which is regular on its face. G.S. 1-212; *Duplin County v. Ezzell,* 223 N.C. 531, 27 S.E. 2d 448; *Morton v. Insurance Co.,* 255 N.C. 360, 121 S.E. 2d 716; 3 Strong's N. C. Index, Judgments, § 13.

If a motion for extension of time were to be construed to be "any other motion required to be made prior to the filing of the answer," G.S. 1-125 would contradict itself by allowing 30 days extension after the clerk's determination to disallow a petition for 20 days in which to demur or plead.

Defendant Howser assigns as errors the third and fourth rulings by Judge McLaughlin in his order. Judge McLaughlin's third ruling is as follows: "The Motion of the plaintiff to strike the Answer of the original defendant filed after the entry of the Judgment by Default is allowed and such Answer be and the same hereby is stricken." Judge McLaughlin's fourth ruling is as follows: "The Motion of the additional defendant Jack R. Harris to strike the Order making him a party to this action be and the same hereby is allowed." Each of these assignments of error is overruled.

The judgment by default and inquiry in the instant case was entered on 26 September 1963, before defendant Howser filed an

answer on 23 October 1963, and is valid on its face, and defendant Howser is not entitled to have it declared null and void or set aside. Under such circumstances, defendant Howser is not entitled to bring in Harris as a party defendant after default judgment has been entered against him (Howser). *Denny v. Coleman,* 245 N.C. 90, 95 S.E. 2d 352. Consequently, Judge McLaughlin properly allowed the motion of the additional defendant Harris to strike the order making him a party.

Defendant Howser's last assignment of error is to the fifth ruling in Judge McLaughlin's order, which reads as follows: "The Appeal of the original defendant from the Order of the Clerk striking the Clerk's previous Order requiring the plaintiff to appear and answer certain Interrogatories is affirmed." This assignment of error is overruled.

The judgment by default and inquiry here was entered on 26 September 1963. On 3 October 1963 defendant Howser filed a motion in the Superior Court praying that the judgment by default and inquiry be declared null and void. The clerk did not pass on this motion. Defendant Howser on 23 October 1963 filed an answer. Judge McLaughlin held this judgment by default and inquiry was properly entered and in his discretion refused to set it aside. We have held as stated above that Judge McLaughlin's ruling is correct.

On 19 December 1963 defendant Howser filed an affidavit in the Superior Court of Alexander County stating in substance: That he desires to examine plaintiff in respect to his medical history, and to examine certain persons who have known plaintiff for a long period of time, and to inquire as to disability payments received by him from the Government, and he prayed the court to issue an order appointing a commissioner to conduct such examination upon written interrogatories, as provided by G.S. 1-568.17, and make a return to the court. On the same date Howser presented to the court 38 questions which he wished to ask the plaintiff. These interrogatories in substance request answers from plaintiff in respect to the dates and places where he has lived; the colleges he has attended; the states in which he has been licensed to practice dentistry; how many times he has been married, with the names of his former wives and their present addresses, if known; was he ever a member of the armed services and, if so, questions in respect thereto; does he have any disability as a result of any service in the armed forces and, if so, the nature of it; does he receive a monthly payment from the Government and, if so, the details in respect to it, and as to whether he has been examined by doctors in respect to any right he has, if any, to receive payment from the Government and, if so, the names of all such doctors; has he been a patient in a veterans hospital;

POTTS *v.* HOWSER.

the names and addresses of all doctors who have examined him; has he had arthritis prior to April 1962; and other questions in respect to his physical condition, and many other questions of a similar nature. On 19 December 1963 the clerk of the Superior Court of Alexander County allowed the motion to examine plaintiff. On 21 December 1963 plaintiff filed a motion in the Superior Court of Alexander County that the court enter an order striking its order allowing Howser to examine plaintiff upon written interrogatories. On 11 January 1964 the clerk of the Superior Court of Alexander County issued an order striking his order previously entered allowing defendant Howser to examine plaintiff, and decreed his former order as of no force and effect whatsoever. To this later order Howser excepted and appealed to the Superior Court. Defendant Howser in his brief does not contend the clerk could not strike his order requiring plaintiff to appear and answer certain interrogatories. It seems the clerk had such power. G.S. 2-16(9); *Russ v. Woodard*, 232 N.C. 36, 59 S.E. 2d 351.

Defendant contends in his brief that "the defendant should be permitted to have the plaintiff examined, upon order of the Court, by competent specialists who should have the benefit, before their examination, of the medical history of the plaintiff. The defendant should not be required to sit supinely by and be slaughtered by the plaintiff in this action."

G.S. 1-568.3 provides that "an examination may be had before trial . . .(2) For the purpose of obtaining evidence to be used at the trial, or at any hearing incident to the trial." An examination for the purpose of obtaining evidence to be used at the trial is a matter of right after both the examining party and the person being examined have filed their pleadings. G.S. 1-568.9(c); *Aldridge v. Hasty*, 240 N.C. 353, 82 S.E. 2d 331. "After both the examining party and the party to be examined have filed their complaint, petition, or answer, an examination is declared to be a matter of right." 2 McIntosh, N. C. Practice and Procedure, 2d Ed., § 2285. It is true that defendant's answer has been stricken, and that plaintiff's cause of action and right to recover at least nominal damages have been established. However, defendant is entitled to a trial on inquiry before a jury on the issue of damages. G.S. 1-212; *Wilson v. Chandler*, 238 N.C. 401, 78 S.E. 2d 155. In the trial of the question of damages, the defaulting defendant has the right to be heard and participate. He may, if he can, reduce the amount of damages to nominal damages. 30A Am. Jur., Judgments, § 219.

In 1951 the Legislature rewrote the sections relating to discovery and examination before trial. G.S. 1-568.1 through G.S. 1-568.27; *Griners' & Shaw, Inc. v. Casualty Co.*, 255 N.C. 380, 121 S.E. 2d

572; McIntosh, *op. cit.* § 2285. Defendant Howser's answer having been stricken, he cannot be held to have filed answer and therefore does not come within the language of the statute, G.S. 1-568.1 *et seq.* However, Superior Court judges have inherent power in their discretion to grant a defendant's application for an order requiring plaintiff to submit to an examination by a specialist or specialists to obtain evidence as to the extent of plaintiff's injury. "The ends of justice, and the particular facts of each case, dictate the manner in which the court shall exercise the power." *Helton v. Stevens Co.,* 254 N.C. 321, 118 S.E. 2d 791. Defendant, if he so desires, can make such an application in the instant case.

Whether the Superior Court judge has power in his discretion to issue an order permitting defendant to examine plaintiff adversely with reference to matters pertinent solely to the issue of damages is not before us at this time.

The judgment of the court below is
Affirmed.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.