**LEWIS v. HOPE**

[224 N.C. App. 322 (2012)]

ERIC D. LEWIS, PLAINTIFF

v.

JAMES T. HOPE, D/B/A, HOPE'S AUTOMOTIVE, DEFENDANT

No. COA12-651

Filed 18 December 2012

### 1. Judgments—default judgment—failure to plead—appearance irrelevant

The trial court did not abuse its discretion in an unfair and deceptive trade practices case by failing to set aside the entry of default. Defendant's default was based on his failure to plead. As such, his appearance was not relevant because the clerk could enter default on these grounds.

### 2. Appeal and Error—preservation of issues—failure to include transcript

Although defendant contended the trial court acted improperly when it granted default judgment where there were no allegations of damages made in the complaint and where defendant was denied the opportunity to be heard at the hearing on damages, the Court of Appeals was not able to properly review this claim because defendant failed to include a transcript of the hearing in the record.

Appeal by Defendant from a judgment entered 20 March 2012 by Judge Lucy N. Inman in Wake County Superior Court. Heard in the Court of Appeals 24 October 2012.

*Hairston Lane Brannon, PA, by Jeremy R. Leonard, for Plaintiff-Appellee.*

*Garey M. Balance, for Defendant-Appellant.*

BEASLEY, Judge.

James T. Hope (Defendant) appeals from a default judgment entered following an entry of default for failure to file a responsive motion. For the following reasons, we affirm in part and dismiss in part.

On 16 August 2011, Plaintiff filed a complaint against Defendant alleging unfair and deceptive trade practices arising from work Defendant performed on Plaintiff's car. Defendant received service on 15 September 2011. Sometime thereafter, Defendant sent

**LEWIS v. HOPE**

[224 N.C. App. 322 (2012)]

Plaintiff's counsel a letter providing his account of the interactions between them. Defendant did not file this letter or an answer with the court. On 20 December 2011, Plaintiff filed a Motion for Entry of Default, accompanied by an affidavit from Plaintiff. On 22 December 2011, a Wake County clerk entered default against Defendant. This order was served on Defendant on 3 January 2012. On 9 January 2012, Plaintiff filed a Motion for Default Judgment. Defendant filed a response on 15 March 2012. Both parties appeared before the trial court on 19 March 2012, whereupon Defendant filed a motion to set aside the entry of default. The trial court denied this motion and entered default judgment against Defendant. It held a hearing on damages in which Plaintiff testified. The trial court awarded treble damages to Plaintiff plus attorney's fees.

**[1]** Defendant first argues that the trial court abused its discretion by failing to set aside the entry of default in this matter. We disagree.

"A trial court's decision of whether to set aside an entry of default, will not be disturbed absent an abuse of discretion." *Luke v. Omega Consulting Grp., LC*, 194 N.C. App. 745, 748, 670 S.E.2d 604, 607 (2009)(citation omitted). "A trial court may be reversed for abuse of discretion only upon a showing that its actions are manifestly unsupported by reason . . . [or] upon a showing that it['s order] was so arbitrary that it could not have been the result of a reasoned decision." *White v. White*, 312 N.C. 770, 777, 324 S.E.2d 829, 833 (1985) (citation omitted).

"When a party against whom a judgment for affirmative relief is sought has failed to plead . . . the clerk shall enter his default." N.C. Gen. Stat. § 1A-1, Rule 55(a) (2011). "For good cause shown the court may set aside an entry of default, and, if a judgment by default has been entered, the judge may set it aside in accordance with Rule 60(b)." N.C. Gen. Stat. §1A-1, Rule 55(d) (2011).

> What constitutes 'good cause' depends on the circumstances in a particular case, and
> . . . an inadvertence which is not strictly excusable may constitute good cause, particularly where the plaintiff can suffer no harm from the short delay involved in the default and grave injustice may be done to the defendant.

*Luke*, 194 N.C. App. at 748, 670 S.E.2d at 607 (internal quotation marks and citation omitted). "The defendant carries the burden of showing good cause to set aside entry of default." *Id.*

It is not disputed that Defendant failed to file a responsive plead-ing. However, Defendant argues that he established good cause for this failure through his correspondence with Plaintiff and several state agencies and, particularly, his letter to Plaintiff's counsel, as this evidence shows his intent to address the matter and belief he was doing so properly. Defendant's claims amount to nothing more than alleging that he was unaware of the need to file an answer because of his unfamiliarity with the law. This Court has previously held such an excuse insufficient to warrant a finding of abuse of discretion. *See, e.g., First Citizens Bank & Trust Co. v. Cannon*, 138 N.C. App. 153, 158, 530 S.E.2d 581, 584 (2000)(upholding a trial court's refusal to set aside entry of default where the defendant claimed good cause on the basis of her lack of knowledge of the law).

Additionally, Defendant's reliance on *Roland v. Motor Lines, Inc.*, 32 N.C. App. 288, 231 S.E.2d 685 (1977), is misplaced. In *Roland*, this Court found that a defendant's letter to the plaintiff's attorney constituted an appearance and precluded the clerk from entering default judgment. *Id.* at 289-91, 231 S.E.2d at 687-88. Defendant argues that under this precedent, the entry of default in his case was in error because his letter constitutes an appearance. This is mis-taken for several reasons. First, Defendant fails to recognize that a copy of the letter in *Roland* was also filed with the clerk. *Id.* at 290, 231 S.E.2d at 687. Here, Defendant failed to file a copy of his corre-spondence with the clerk.

Second, in the case at hand, default judgment was entered by the trial court on the basis of failure to plead; in *Roland*, the clerk han-dled both the entry of default and the default judgment on the basis of failure to appear. *Id.* The result of this distinction is that different portions of the default statute control. *See* N.C. Gen. Stat. § 1A-1, Rule 55 (2011). Under Rule 55(a), a clerk may *enter default* whenever "a party . . . has failed to plead or is otherwise subject to default judg-ment as provided" in either portion of section (b). Rule 55(a). Subsection (b) provides two alternatives for entering default *judg-ment* depending on who enters the judgment. Rule 55(b). Under Rule 55(b)(1), a *clerk* may only enter default *judgment* where the defend-ant has "defaulted for failure to appear." *Id.* Under Rule 55(b)(2), a *judge* may enter default *judgment* "[i]n all other cases" upon applica-tion by party entitled to the judgment. *Id.*

Thus, *Roland* addressed whether or not the defendant's letter constituted an appearance because the default *judgment* was entered by the clerk; as such, the validity of the entry of default depended

upon whether or not the defendant failed to appear. *Roland*, 32 N.C. App. at 290-91, 231 S.E.2d at 687-88. Conversely, in the case at hand, Defendant's default was based on his failure to plead. As such, his appearance is not relevant because the clerk could enter default on these grounds both because section (a) directly grants that authority and because section (b)(2) grants the judge the authority to enter default judgment. *See* Rule 55. Because of these distinctions and because Defendant does not contest his failure to file a responsive pleading, we find no abuse of discretion.

[2] Defendant next argues that the trial court acted improperly when it granted default judgment where there were no allegations of damages made in the Complaint and where Defendant was denied the opportunity to be heard at the hearing on damages. We disagree and dismiss the argument.

"A default judgment admits only the allegations contained within the complaint, and a defendant may still show that the complaint is insufficient to warrant plaintiff's recovery." *Hunter v. Spaulding*, 97 N.C. App. 372, 377, 388 S.E.2d 630, 634 (1990)(citation omitted). Where a complaint is sufficiently pleaded, "[u]pon entry of default, the defendant will have no further standing to defend on the merits or contest the plaintiff's right to recover. Defendant is, however, entitled to a hearing on the issue of damages." *Luke*, 194 N.C. App. at 751, 670 S.E.2d at 609 (citations omitted). "In the trial of the question of damages, the defaulting defendant has the right to be heard and participate. He may, if he can, reduce the amount of damages to nominal damages." *Potts v. Howser*, 267 N.C. 484, 494, 148 S.E.2d 836, 844 (1966)(citation omitted).

We note first that Defendant has failed to challenge the trial court's findings of fact with regard to damages and is thus without the ability to challenge the specific amount awarded. *Powers v. Tatum*, 196 N.C. App. 639, 640, 676 S.E.2d 89, 91 (2009)("Where petitioner fails to challenge any of the trial court's findings of fact on appeal, they are binding on the appellate court[.]"). Defendant may only challenge, as he does, Plaintiff's ability to recover any amount at all due to an insufficient pleading. However, here, Plaintiff sufficiently pleaded damages, alleging damages in excess of $10,000. *See* N.C. Gen. Stat. §1A-1, Rules 8, 9 (2011). While Defendant may have been entitled to be heard in the hearing on damages to contest this recovery in the event he requested such an opportunity, *see Hunter*, 97 N.C. App. at 377, 388 S.E.2d at 634; *Potts*, 267 N.C. at 494, 148 S.E.2d at 844, we are not able to properly review this claim because Defendant has

failed to include a transcript of the hearing in the record, leaving us unable to determine whether and why such a denial occurred. N.C. R. App. P. 9(a)(1)e (requiring that a transcript be included in the record where it "is necessary for an understanding of all issues presented"); N.C. R. App. P. 9(a) ("[Appellate] review is solely upon the record on appeal[.]"); *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co.*, 362 N.C. 191, 194, 200, 657 S.E.2d 361, 362, 366 (2008) (finding "[c]ompliance with the rules . . . is mandatory" and that this Court may dismiss non-jurisdictional defaults where they "impair[] the court's task of review" (citations omitted)). Consequently, this argument is dismissed.

Affirmed in part and Dismissed in part.

Judges ELMORE and STROUD concur.