An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-147

Filed 1 October 2025

Davidson County, No. 16CVS000752-280

AMBER LEE IVEY, as Guardian of A.L.I., Plaintiff,

v.

DONALD L. HALL and BEVERLY JO SNELLINGS HALL a/k/a JO S. HALL, Defendants.

Appeal by defendants from orders and judgment entered 26 August 2024, 25 April 2018, 10 June 2021, 11 June 2024, and 6 August 2024 by Judge Matthew T. Houston in Davidson County Superior Court. Heard in the Court of Appeals 10 September 2025.

> *Vann Law Firm, PA, by Christopher M. Vann, and SFS Law Group, by Dennis O'Dea, for defendants-appellants.*

> *Law Office of Richard Munday, by Richard Evert Munday, and Brinkley Walser Stoner, PLLC, by Roy L. McDonald, II, for plaintiff-appellee.*

GORE, Judge.

This appeal arises from a contract dispute concerning the sale of real property. Plaintiff filed suit alleging defendants had fraudulently induced him into making years of monthly payments based on a false promise to convey a deed. After

defendants repeatedly failed to comply with discovery obligations, the trial court entered sanctions under Rule 37, including striking defendants' answer and entering default judgment in plaintiff's favor. The court ultimately awarded plaintiff compensatory and punitive damages, as well as attorney's fees.

We exercise jurisdiction under N.C.G.S. § 7A-27(b)(1) (2023) to review the final judgment of a superior court in a civil action. On appeal, defendants argue (1) the fraud claim was not pled with sufficient particularity; (2) plaintiff waived the remedy of rescission; (3) the trial court erred in submitting punitive damages to the jury; (4) the award of attorney's fees was improper; (5) the trial court failed to consider the merits of plaintiff's claims before entering default; and, (6) the court erred in granting plaintiff's motion for summary judgment on a related claim. Defendants also petition for writ of *certiorari* to review the summary judgment order.

After careful review, we deny the petition for writ of *certiorari* and discern no error in the proceedings below.

**I.**

In 2000, plaintiff, Aldo Lee Ivey, entered into an oral agreement with defendants, Donald and Beverly Hall, to purchase real property located in Davidson County, North Carolina, for $72,000, payable in monthly installments of $400 over fifteen years. Plaintiff made regular payments totaling $72,000, in addition to paying property taxes, insurance, and maintenance. After completing the payments in 2015, defendants failed to convey the property and instead initiated eviction proceedings.

On 21 March 2016, plaintiff filed suit asserting claims for breach of contract, fraud, negligent misrepresentation, *quantum meruit*/unjust enrichment, constructive trust, and unfair and deceptive trade practices. Defendants responded with an answer and counterclaim, raising affirmative defenses including the statute of frauds. In September 2016, plaintiff was adjudicated incompetent, and Amber Lee Ivey was appointed his general guardian and guardian of the estate. A guardian *ad litem* was appointed to manage the litigation.

On 3 April 2017, defendants moved for summary judgment, asserting plaintiff's claims were barred by the statute of frauds. The motion was denied by order entered 1 November 2017. Plaintiff later sought discovery of defendants' financial records, including tax returns dating back to 1999. On 25 April 2018, the trial court granted a motion to compel production of those records and awarded $1,000 in attorney's fees. Defendants paid the fee but failed to produce the records.

On 10 June 2021, the court entered an order *nunc pro tunc* again compelling production and staying the case. Plaintiff filed a third motion for sanctions on 29 December 2023. By order entered 11 June 2024, the court granted the motion, dismissing defendants' counterclaim with prejudice, striking their answer, and entering default and default judgment against them jointly and severally.

The matter was calendared for a hearing on damages. On 6 August 2024, the court entered a pretrial order identifying the issues for trial. The jury would determine compensatory and punitive damages; the court would decide attorney's

fees, treble damages under N.C.G.S. § 75-16, and the imposition of a constructive trust. On 13 August 2024, defendants' counsel was permitted to withdraw, and defendants proceeded *pro se*.

At trial on 19 August 2024, plaintiff elected to proceed on damages for fraud, UDTPA violations, and punitive damages, and abandoned all remaining claims, including any request for a constructive trust. Plaintiff affirmed his election of rescission as a remedy for fraud. The jury awarded $72,000 in compensatory damages and $78,000 in punitive damages. The court entered judgment and awarded plaintiff $20,100 in attorney's fees and $365 in costs.

Defendants timely noticed appeal from the final judgment on 20 September 2024. They did not designate the 2017 summary judgment order. Over seven months later, they filed a petition for writ of *certiorari* seeking review of that order.

## II.

Defendants seek review of the trial court's 1 November 2017 order denying their motion for summary judgment. Because they did not list that order in their 20 September 2024 notice of appeal, they now seek a writ of *certior*ari under N.C.R. App. P. 21. We deny the petition.

Appellate jurisdiction is limited to orders specifically designated in the notice of appeal. *Warner v. Brickhouse*, 189 N.C. App. 445, 449 (2008). Defendants admit the summary judgment order was omitted, so this Court lacks jurisdiction absent a grant of *certiorari*.

*Certiorari* is an extraordinary remedy available only where: (1) the case has potential merit or legal error below; and (2) extraordinary circumstances justify review. *Cryan v. Nat'l Council of YMCA of the United States*, 384 N.C. 569, 572–73 (2023). Defendants argue the statute of frauds barred plaintiff's claims, citing the absence of a signed contract for the sale of land. The record reflects material factual disputes—including whether defendants accepted regular payments and whether plaintiff relied on a promise to convey the property. These factual disputes concerning inducement, reliance, and the nature of the parties' understanding are properly left to the jury and preclude summary judgment. *See Leake v. Sunbelt, Ltd. of Raleigh*, 93 N.C. App. 199, 204 (1989) ("[W]hether or not plaintiffs['] . . . reliance on defendant's statements was reasonable is a jury question.").

Defendants also fail to demonstrate extraordinary circumstances. They attribute the omission to appellate counsel's incomplete file, but inadvertence or change in representation does not meet the threshold. *See Cryan*, 384 N.C. at 573. Moreover, defendants were aware the motion had been denied as early as July 2021 and identified the denial as a proposed issue on appeal, yet defendants waited 224 days after filing the notice of appeal to seek the writ. This unexplained delay violates Rule 21(c)'s requirement that petitions be filed "without unreasonable delay."

Defendants failed to properly preserve the summary judgment ruling for appellate review and have not shown grounds for extraordinary relief. The petition for writ of *certiorari* is denied.

**III.**

**A.**

Defendants first argue the trial court erred by allowing plaintiff's fraud claim to proceed despite an allegedly insufficient pleading under Rule 9(b) of the North Carolina Rules of Civil Procedure. We discern no reversible error.

The legal sufficiency of a complaint is reviewed *de novo* on appeal. *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, *aff'd per curiam*, 357 N.C. 567 (2003). Rule 9(b) requires that "[i]n all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity." N.C.G.S. § 1A-1, Rule 9(b) (2023). A party alleging fraud must plead the "time, place and content of the fraudulent representation," as well as the identity of the person making it. *Terry v. Terry*, 302 N.C. 77, 85 (1981). Merely conclusory or general allegations are insufficient. *Sharp v. Teague*, 113 N.C. App. 589, 597 (1994).

To state a claim for fraud, a plaintiff must allege: (1) "a false representation or concealment of a material fact; (2) reasonably calculated to deceive; (3) made with intent to deceive; (4) which does in fact deceive;" and (5) "results in damage to the injured party." *Hunter v. Spaulding*, 97 N.C. App. 372, 377 (1990) (citation omitted). These elements, too, must be pled with particularity.

Here, the complaint alleged defendants had made false representations around 1 August 2000, promising to deed real property to plaintiff in exchange for $72,000 to be paid in monthly installments. Plaintiff further alleged these representations were

made with the intent to deceive, he reasonably relied on them in making payments over many years, and defendants never intended to honor the promise. These allegations identify the substance of the fraudulent promise, when and how it was made, and are sufficient to give rise to a plausible inference of fraud. *See Forbis v. Neal*, 361 N.C. 519, 526–28 (2007) (fraud claim sufficient where complaint alleged false promise made with intent not to perform).

Taken as true—as required at the pleadings stage—these allegations satisfy Rule 9(b)'s heightened pleading requirement and allege all essential elements of fraud with sufficient particularity. Accordingly, we discern no error in the trial court's decision to allow the fraud claim to proceed.

**B.**

Defendants argue plaintiff should have been barred from pursuing rescission after purportedly waiving that remedy. This argument was not preserved for appellate review.

Under Rule 10(a)(1) of the North Carolina Rules of Appellate Procedure, a party must raise an issue at trial to preserve it for appeal. Defendants did not object to the submission of rescission and damages to the jury, did not challenge the form of the verdict sheet or jury instructions, and raised no objection in any post-trial motion. Nor did they plead election of remedies as an affirmative defense in their answer.

North Carolina courts have made it clear that "'[t]he doctrine of election of remedies is an affirmative defense which must be pleaded by the party relying on it.'"

*Clark v. Clark*, 280 N.C. App. 384, 394 (2021) (quoting *N.C. Fed. Sav. & Loan Ass'n v. Ray*, 95 N.C. App. 317, 323 (1989)). In *Clark*, the defendant similarly argued the plaintiff should not have been allowed to proceed on an inconsistent theory of recovery, but this Court held the argument was not preserved where the defendant failed to raise it at trial or in post-trial motions. The same result follows here: defendants did not preserve this issue for appellate review.

**C.**

Defendants argue the trial court erred by submitting the issue of punitive damages to the jury because plaintiff had purportedly failed to plead fraud with sufficient particularity. This argument is unavailing for the same reasons discussed in Issue I. As explained, the complaint satisfied Rule 9(b) by alleging the time, content, and circumstances of the alleged misrepresentation, as well as the defendants' intent to deceive.

Once the trial court denied the motion to dismiss and subsequently entered default judgment, the well-pleaded allegations of fraud were deemed admitted. Because fraud is one of the enumerated aggravating factors under N.C.G.S. § 1D-15 that may support an award of punitive damages, and plaintiff established liability for compensatory damages based on fraud, the trial court properly submitted the issue of punitive damages to the jury.

**D.**

Defendants argue the trial court erred in awarding plaintiff attorney's fees

under Chapter 75. We discern no error where the statutory requirements were satisfied, and the award was supported by the record. The trial court awarded plaintiff $20,100 in attorney's fees, concluding that the award was authorized under its 11 June 2024 order and applicable law. This legal conclusion is reviewed *de novo*. *See Carolina Power & Light Co. v. City of Asheville*, 358 N.C. 512, 517 (2004).

Defendants challenge the fee award, but their argument fails for two reasons. First, the trial court awarded fees pursuant to N.C.G.S. § 75-16.1 (2023), which authorizes attorney's fees when a defendant willfully engages in unfair or deceptive trade practices and refuses to resolve the matter. The jury found defendants liable under Chapter 75, and plaintiff elected rescission. The record supports the court's conclusion that defendants' conduct was willful and protracted, justifying the fee award.

Second, entry of default judgment foreclosed defendants' ability to contest the merits of plaintiff's claims. "Where a complaint is sufficiently pleaded, upon entry of default, the defendant will have no further standing to defend on the merits or contest the plaintiff's right to recover." *Lewis v. Hope*, 224 N.C. App. 322, 325 (2012) (citation omitted). Because plaintiff sufficiently pleaded a Chapter 75 claim, and liability was deemed established by default, the court had authority to award attorney's fees under the statute.

Accordingly, we affirm the award as proper and supported by the record.

**E.**

Defendants argue the trial court erred by entering default judgment without first assessing the merits of plaintiff's claims. This argument is unavailing. Rule 37 of the North Carolina Rules of Civil Procedure expressly authorizes the trial court to impose a default judgment as a sanction where a party fails to obey a discovery order. Specifically, Rule 37(b)(2)(c) permits "rendering a judgment by default against the disobedient party" without requiring the court to assess the substantive merits of the underlying claim. *See* N.C.G.S. § 1A-1, Rule 37(b)(2)(c) (2023). The rule's focus is on ensuring compliance with discovery obligations and punishing willful disobedience— not adjudicating the merits of the non-sanctioned party's case.

North Carolina's courts have consistently recognized such sanctions are within the trial court's discretion and may be imposed where there is a finding of willfulness, bad faith, or deliberate noncompliance. *See Badillo v. Cunningham*, 177 N.C. App. 732, 734, *aff'd*, 361 N.C. 112 (2006) (holding that trial courts have discretion under Rule 37 to impose sanctions, including dismissal, for discovery violations and that such decisions will not be disturbed absent an abuse of discretion "manifestly unsupported by reason."). Here, the trial court made findings defendants repeatedly failed to comply with discovery orders despite warnings and opportunities to cure. The court's decision to enter default judgment was therefore authorized under Rule 37 and did not require a separate evaluation of plaintiff's fraud claim at the sanctions stage.

**IV.**

Plaintiff sufficiently pleaded his claim for fraud with the particularity required under Rule 9(b), and the entry of default properly deemed those well-pleaded allegations admitted. Defendants failed to preserve their election of remedies argument for appellate review, and the trial court did not err in allowing plaintiff to seek rescission. The submission of punitive damages to the jury was likewise appropriate, and the award of attorney's fees was authorized by applicable law. Finally, the trial court acted within its discretion in imposing default sanctions in response to discovery violations.

After careful review of the record, we discern no error in the proceedings below.

NO ERROR.

Judges TYSON and MURRY concur.

Report per Rule 30(e).